**Willie Dell GRUDZIECKI, Appellant,**

**v.**

**Jessie Mae STARR, Appellee.**

**No. 3923.**

Court of Civil Appeals of Texas.

Waco.

Oct. 26, 1961.

Rehearing Denied Nov. 16, 1961.

William Drew Perkins, Lufkin, for appellant.

Dies, Anderson & Dies, Lufkin, for appellee.

WILSON, Justice.

The sole question in this case is whether the provisions of Sec. 69, Texas Probate Code, V.A.T.S., operated to nullify provisions of a probated will under which appellee took, and in which she was named independent executrix.

The material facts are stipulated: Testator and appellee were married in 1934. Appellant is the daughter of testator by a previous marriage. In 1945 the will involved here was executed. Testator and appellee were divorced in 1949, but six months later they re-married. In 1956, Sec. 69, which provides that if the testator is divorced after making a will, all provisions in the will in favor of the testator's spouse so divorced, or appointing such spouse to any fiduciary capacity under the

will "shall be null and void and of no effect," became effective. Testator and appellee continued to live together as husband and wife from the time of the re-marriage until he died in 1959.

Appellant contends that when the Probate Code became effective it retroactively operated to invalidate the provisions of the will in favor of appellant because at its effective date "the testator was divorced after making a will."

Sec. 69 did not have the effect appellant claims. Before the Probate Code was adopted it had been held that divorce did not operate to revoke a will. Merritt v. Merritt, Tex.Civ.App., 158 S.W.2d 116, writ ref. w. m. In re Ziegner's Estate, 146 Wash. 537, 264 P. 12, relied on by appellant is not in point; there the divorce occurred after effective date of the statute. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898 involved the direct converse of the present facts. Probate Code, Sec. 2(b) further provides that "all things properly done under any previously existing statute * * * shall be·treated as valid."

Affirmed.