Frank "Chunky" VOLKMER, Jr., et al.,
Appellants,

v.

Wanda Grace CHASE et al., Appellees.

No. 13799.

Court of Civil Appeals of Texas. Houston.

Feb. 15, 1962.

Rehearing Denied March 8, 1962.

Larkin Thedford, Edna, Guittard & Henderson, Richard Henderson, Victoria, for appellants.

Cullen B. Vance, Edna, for appellee S. E. Chase, guardian of the estate of Catherine Carolyn Chase, a minor.

Thomas R. Bell, Edna, for appellee, Wanda Grace Chase, a minor.

COLEMAN, Justice.

This is a suit for construction of the will of Charles Albert Chase, Deceased.

Charles Albert Chase and his wife, Vivian E. Chase, executed identical wills on the 20th day of April, 1959. Thereafter, in October, 1959, they were divorced. On the 8th day of March, 1960, Charles Albert Chase died. The will which gives rise to this suit was admitted to probate by the County Court of Jackson County, Texas, and appellant, Frank "Chunky" Volkmer, Jr. qualified as independent executor of the estate as provided by the will. On the 25th

day of May, 1960, this suit praying that the will be construed was filed in the District Court of Jackson County by the executor and Vivian E. Chase as guardian and next friend of Donna Kay Chase.

Charles Albert Chase had three children, Donna Kay, Wanda Grace and Catherine Carolyn, each born of a different marriage. These children are all parties to the suit. The necessity for an interpretation of the will arose by reason of Section 69, Probate Code of Texas, V.A.T.S., which reads:

"If the testator is divorced after making a will, all provisions in the will in favor of the testator's spouse so divorced, or appointing such spouse to any fiduciary capacity under the will or with respect to the estate or person of the testator's children, shall be null and void and of no effect."

The will which was admitted to probate provided:

"I.

"I give, devise and bequeath to my beloved wife, Vivian Eleena Chase, all of my property in fee simple of every kind and description of which I may die seized and possessed or in which I may have an interest or expectancy, whether real, personal or mixed, and wherever situated, to use, sell, or otherwise dispose of in any manner she sees fit or deems proper.

"II.

"Should my wife, Vivian Eleena Chase, precede me in death, or should we lose our lives simultaneously as in a common disaster or whitin such proximity as not to have ample time to make a new Will or should I fail to make a new Will, then and in that event, I give, devise and bequeath to Frank 'Chunky' Volkmer, Jr., as Trustee, and in trust for the use and benefit of my children, Catherine Carolyn Chase and Donna Kay Chase, all my property set forth in Paragraph I., said Trustee shall act

without bond and shall have the following powers, rights and duties:

\* \* \* \* \* \*

"III.

"I hereby appoint my wife, Vivian Eleena Chase, Independent Executrix of this my Last Will and Testament and direct that no bond shall be required of her and that no other action shall be had in the County Court or in any other court in relation to the settlement of my said estate than the probating and recording of this, my Will, and the return of a statutory inventory, appraisement and list of claims of said estate and of all claims due or owing by me at the time of my death. In the event of the death or inability of my wife, Vivian Eleena Chase, or should she for any reason be unable to serve and act as Independent Executrix, then I appoint Frank 'Chunky' Volkmer, Jr., Independent Executor under this Will and of my estate and direct that the foregoing shall apply to him and that no bond shall be required of him."

Appellants contend that the trial court erred in holding that Charles Albert Chase and Vivian Eleena Chase contracted and agreed to make joint and mutual wills, and further erred "in holding that the will of Charles Albert Chase was not a valid will by reason of failure of consideration and that he died intestate."

■ We do not consider it necessary to determine whether or not the will of Charles Albert Chase was executed pursuant to a contractual agreement. The judgment admitting the will to probate necessarily determined the several facts required to be proved by Art. 3348, Vernon's Ann. Civ.St., as a prerequisite to probate. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1. Whether or not the will was executed pursuant to a contract, and whether or not the consideration for the contract has failed, the will of Charles Albert Chase

was a valid will and the judgment admitting it to probate cannot be attacked collaterally. Winston v. Griffith, 133 Tex. 348, 128 S.W.2d 25, Tex.Com.App., opinion adopted; Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425, Tex.Com.App., opinion adopted. While the courts of this State may not make effective the disposition of the property as provided by Paragraph I of the will by reason of Section 69 of the Probate Code, the provision for the appointment of Frank "Chunky" Volkmer, Jr., as independent executor was effective and the record reflects that he qualified as such and is engaged in the performance of his duties. Boyles v. Gresham, 153 Tex. 106, 263 S.W. 2d 935.

■ Appellee, S. E. Chase, Guardian, by cross-assignment contends that the court was correct in holding that the wills were contractual, but erred in failing to impound the property of Vivian E. Chase to guarantee the performance by her of the contract. Assuming that, as the trial court held, the wills were executed pursuant to a contract, and that after Vivian E. Chase accepted benefits under the will of Charles Albert Chase for her daughter, her will became irrevocable, a position which we do not concede, yet Vivian E. Chase has the right to use her property and to sell any or all of it. Certainly nothing in the will prohibits the free use and alienation of her property. The only right which the Chase children could assert against Vivian E. Chase, if in fact they have any right, would be a right in equity to have the property which she might own at the time of her death subjected to the terms of the contractual will, and, possibly, a right to have fraudulent transfers set aside. Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876. The trial court did not err in failing to impound the property owned by Vivian E. Chase. Richardson v. Lingo, Tex.Civ.App., 274 S.W.2d 883, ref., n. r. e.; Wyche v. Clapp, 43 Tex. 543.

■ Appellant urges that the trial court erred in holding that Paragraph II of the will of Charles Albert Chase is of no force and effect. An ambiguity exists since the testator provided, as one of the conditions on the happening of which legal title to the property should vest in the named trustee, "or should I fail to make a new will". Read literally, apart from the preceding language of the paragraph, this clause would require a disposition of the property different from that provided in Paragraph I and would be entirely inconsistent with the intent of the testator ascertained from a reading of the entire instrument. The only reasonable construction to be given this paragraph that will give effect to all of the language used requires that the paragraph read: "Should my wife, Vivian Eleena Chase, precede me in death and I should fail to make a new will, or should we lose our lives simultaneously as in a common disaster or within such proximity as not to have ample time to make a new will, * * *." In other words the testator intended to bequeath the property to the trustee only in the event that he and his wife died in a common disaster, or, *after the death of his wife,* he was unable to make a new will or for some reason neglected to do so. Such a construction of the will is required by the well established rules for the construction of wills applicable to the facts of this case. Rust v. Rust, Tex.Civ. App., 211 S.W.2d 262, aff'd 147 Tex. 181, 214 S.W.2d 462. Here testator and his wife had been divorced for several months prior to his death. We must presume that he knew the provisions of his will. The devise to the trustee is clearly conditioned on the death of Vivian Eleena Chase. If in fact he knew that a divorced wife cannot take by the will of her former husband, his intention obviously was to leave his property to an executor for distribution to his heirs at law. If in fact he did not know the law, his intention, as determined by the terms of the will, was to leave his property to his former wife. If, as is more likely true, he either had forgotten the terms of his will,

or merely had neglected to prepare a new will after his divorce, the courts have no authority to determine the disposition which he would have made of his property. It should be noted that he made provision for the appointment of an alternate executor in the event Vivian Eleena Chase died or "for any reason be unable to serve". The trial court correctly held that Paragraph II was a contingent bequest and that the contingency has not occurred and no property rights vested by reason thereof. White v. Taylor, 155 Tex. 392, 286 S.W.2d 925; Fain v. Fain, Tex.Civ.App., 335 S.W.2d 663. Appellant has cited in support of his proposition that the will should be construed so as to make effective the bequest to the children "if for any reason his wife did not take" such cases as Sanger v. Butler, 45 Tex.Civ. App. 527, 101 S.W. 459, writ ref.; Lewis v. Walker, Tex.Civ.App., 162 S.W. 30, error ref.; Fitzgerald v. Ayres, Tex.Civ.App., 179 S.W. 289, error ref.; Loving v. Rainey, Tex.Civ.App., 36 S.W. 335, and cases from other jurisdictions. None of these cases held that the trial court, or this court, could supply provisions in a will omitted by oversight, but in each case the court either found from the terms of the will the intention of the testator which could be enforced by the court without doing violence to the language of the will, or found that what appeared to be a condition could be interpreted as merely descriptive. Goodson v. Goldsmith, 131 Tex. 418, 115 S.W.2d 1100, holding that when a will devises a life estate with remainder over, failure of the life estate affects it only and not the life estate, was cited as persuasive, but we think that this line of cases is not applicable to the situation present here. The property descended to the heirs of Charles Albert Chase, subject to the rights of Frank "Chunky" Volkmer, Jr., in his capacity as independent executor of the will. Waller v. Gilliland, 231 S.W.2d

939, Tex.Civ.App., writ ref.; Amos v. Amos, 217 S.W.2d 902, Tex.Civ.App., writ ref., n. r. e.

Appellee, Wanda Grace Chase, complains of the judgment of the court with reference to the manner in which the court costs were apportioned. We do not find that the court abused its discretion in this respect.

■ The attorney for Wanda Grace Chase, who was cited by publication, was awarded a reasonable attorney's fee by the trial court. In this connection the judgment also recited: "PROVIDED, HOWEVER, if further appeal is made, then further reasonable attorney fees shall be allowed." Said attorney has moved this Court to tax as costs an additional attorney's fee for the work which he has performed on this appeal.

The quoted provision of the judgment is of no force or effect. Preferred Life Insurance Company v. Dorsey, 281 S.W.2d 368, Tex.Civ.App.

> "The determination as to whether an attorney's fee awarded by a trial court is excessive in amount is, of course a proper exercise of the appellate jurisdiction of the Court of Civil Appeals. But the fixing by it of an attorney's fee, when such issue has not been determined by the trial court, would constitute the exercise of an original rather than an appellate jurisdiction." (Smith v. Texas Co., 53 S.W.2d 774, Tex.Com.App.)

The judgment of the trial court will be reversed only in so far as it holds that Frank "Chunky" Volkmer, Jr., does not have the power and authority to act as independent executor.

Reversed and rendered in part and in part affirmed.