Minnie L. SMITH and Ulysses Jackson, Appellants,

v.

John WILLIAMS, Appellee.

No. 7106.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1969.

Motion for Rehearing Overruled
Jan. 22, 1970.

Brazil & Brazil, Lufkin, for appellants.

Fenley & Fenley, Billy Lee Thompson, Lufkin, for appellee.

KEITH, Justice.

The appeal is from a summary judgment construing a joint will after the death of both of the makers. Plaintiff, Williams, brought suit to construe the joint will of his deceased wife, Robbie Parker Jones Williams and her former husband, Emmett Jones, who pre-deceased her. We will speak of the testator-testatrix as Emmett and Robbie, respectively. After the death of Emmett in 1959, the will was admitted to probate; and, in 1960, Robbie married plaintiff, with whom she lived as husband and wife until her death in October, 1964. After her death, the joint will was again probated, this time as the last will and testament of Robbie, who died without issue of any marriage.

At the time of her death, Robbie owned an estate consisting of four parcels of land, one of which was acquired while she was married to her first husband, Parker (who died intestate without issue), the second of which she purchased as her separate property. The third and fourth parcels were acquired under the terms of Emmett's will.

After the probate of Robbie's will, a dispute arose between the plaintiff and the defendants, Minnie Lee Smith and Ulysses Jackson, as to just what property passed under the terms of the will. The defendants, contending that all of the property passed under the terms of the will, entered into a partition agreement on part of the real property and a portion was conveyed to a third party. It was then that Williams filed his suit to construe the will contending that Robbie died intestate as to all parcels of land except the second heretofore mentioned.

It was conceded by all of the parties that the second parcel (the Boles Street property) passed under the terms of the will to Minnie Lee Smith, the trial court so found, and no complaint is made of this portion of the judgment favorable to one of the appellants. The court also found that under the will Robbie died intestate except as to the Boles Street property, and judgment was for plaintiff with defendants appealing.

The brief of the defendants fails to comply with the provisions of Rule 418, Texas Rules of Civil Procedure, not only with reference to the points upon which the appeal is predicated, but also the absence of record references has hampered us in our effort to determine just what the basic complaint is. Nevertheless, under the authority of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), we will dispose of the matter as presented.

The will under consideration specifically devised only one tract of land, the Boles Street property, which the court awarded to Minnie Lee Smith, as we have noted earlier. The only other provision of the will making *any* disposition of the property upon the death of the survivor, Emmett or Robbie, is to be found in these words:

"In the event of the death of both of us, at the same time by accident, catastrophe, or otherwise, then it is our will and desire that all our property shall pass to and vest in Minnie Lee Smith and Ulysses Jackson * * *"

The dispute between the parties centers around this provision in the will with the plaintiff contending that it is operative as a devise only should the parties die at the same time, whereas the defendants contend that, properly construed, the clause devised all of the survivor's property to Smith and Jackson. We do not agree with the defendants' contentions and affirm the judgment of the trial court.

Defendants contend that it was error for the trial court to render the summary judgment because there were fact issues raised by the counter-affidavits on file, as to the intent of the testatrix.

Again we disagree. In Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 888 (1960), the court said:

" * * * The intent must be drawn from the will, not the will from the intent.

"The rule of law applicable here is expressed in Page on Wills:

" ' * * * In determining the testator's intention, the true purpose of the inquiry is to ascertain not what he meant to express apart from the language used, but what the words he has used do express. * * *' 4 Page on Wills (Lifetime Ed.), 662 et seq., § 1617."

See also Carr v. Rogers, 383 S.W.2d 383, 384 (Tex.Sup., 1964). The only devise of the corpus of the estate of the parties making this will, other than as to the Boles Street property of which there is no dispute, is contained in the paragraph containing the simultaneous death clause. It is clear from a reading of this clause that the property was devised (i. e., the clause became operative) only in the event of the death of both parties at the same time. There is no ambiguity and the meaning of the parties must be determined from the words selected for use in the will, not from some undisclosed intent which might be shown by parol testimony. Huffman v. Huffman, supra.

Nor does the fact that this construction results in partial intestacy change the result. In *Huffman*, supra (339 S.W.2d at 890), Justice Greenhill has this to say with reference to partial intestacy:

" * * * This presumption is but one of the factors to be considered in arriving at the intention of the testatrix as expressed in the will itself. It cannot be invoked to add to or to change the express language of a will. Kostroun v. Plsek, Tex.Com.App.1929, 15 S.W.2d 220."

The trial court found that Emmett and Robbie did not die at the same time by accident, catastrophe, or otherwise, and that the provision never became operative. From this finding, he concluded that Robbie died intestate as to all of her property except the Boles Street property. The trial court's construction of the provision found in the will was correct and the summary judgment was properly entered for plaintiff.

Affirmed.