**Mary Jane FORMBY, Appellant,**

v.

**Florene Jordan BRADLEY, Appellee.**

**No. 12–83–0211–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 8, 1985.
Rehearing Denied Sept. 26, 1985.

Gene Caldwell, Bain, Files, Allen & Caldwell, Tyler, for appellant.

Robt. G. Schleier, Glenn D. Phillips, Kilgore, for appellee.

BILL BASS, Justice.

This is an appeal from an order appointing appellee, Florene Jordan Bradley, executrix of the estate of Noble Ercell Formby (decedent) and denying Mary Jane Formby's application for appointment as administratrix with will annexed. By agreement, the only matters before the trial court were the probating of the will and the appointment of a personal representative.

On March 18, 1957, decedent and his first wife, Marcella Pearce Formby, executed a joint will. They were divorced some twenty years later on February 16, 1977. Decedent subsequently married appellant, Mary Jane Formby. Decedent died on November 18, 1982, leaving appellant as his surviving wife. The will offered for probate is the joint will of the decedent and his first wife, Marcella. Marcella also survived the decedent and was alive at the time of the trial in the probate court.

The joint will left all of the property of the one dying first to the survivor with the survivor to serve as independent executor or executrix. No general substitute or alternate executor was appointed should the surviving spouse be unwilling or unable to serve. However, in the event of their simultaneous death or death in a common calamity, they directed the appointment of Florene Jordan, the appellee, as independent executrix.

Paragraph III of the will provides:

In the event that our deaths should occur simultaneously, or approximately so, or in the same common accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, then and in that event, it is our will and desire, and the will and desire of each of us, that all of the property ... shall pass ... as follows....

Appellee finds authority for her appointment in Paragraph IV which, in pertinent part, reads as follows:

In the event that our deaths should occur under the circumstances mentioned in Paragraph III above, we hereby appoint Florene Jordan, Magnolia, Arkansas, Independent Executrix of this our Last Will and Testament ....

■ Marcella, the first wife and joint maker of the will, was alive and in the courtroom at the time the will was admitted to probate. It is undisputed that she and the decedent did not die simultaneously nor in a common accident or calamity. Her 1977 divorce from the decedent nullified the provisions appointing her executrix, as well as the dispositive provisions in her favor. TEX. PROB. CODE ANN. § 69(a) (Vernon 1980).

Appellee, Florene Jordan Bradley, urges that she is entitled to appointment because she believes that the decedent intended her to be named if Marcella predeceased him or could not serve for any reason. She insists this intent may be inferred from his failure to change his will during the five years following his divorce from Marcella. She contends her cause finds further support in TEX. PROB. CODE ANN. Sec. 69(b) (Vernon 1980) which provides that a person who is divorced from the decedent is not to be considered a surviving spouse.

Appellant, Mary Jane Formby, responds that appellee's appointment was conditioned upon the simultaneous death of the decedent and his first wife, Marcella. She

maintains that, since this contingency did not occur, appellee is not entitled to be designated independent executrix. If no executor is named in the will who is qualified to act, appellant, as surviving wife, is entitled by law to preference for appointment as administratrix. TEX. PROB. CODE ANN. § 77 (Vernon 1980). She contends the trial court further erred in concluding that she was disqualified.

In her first four points of error, appellant complains of the probate court's finding of fact no. 13 and conclusion of law no. 5 which are identically worded as follows:

> The primary and dominant purpose of the Testator in making the Will probated herein was that at his death his then wife, if capable of taking, receive his property, and if she was not so capable of taking and receiving his property, that his three children take and receive the same. Also, that if his then wife was capable of so doing that she serve as Independent Executrix of his Estate, and that if she was not so capable, that the Proponent Florene Jordan Bradley serve as Independent Executrix of his Estate.

 It is fundamental that in construing a will the court's function is to discover from the language of the will the intent of the testator and, having discovered it, to give it effect. *Haile v. Holtzclaw*, 414 S.W.2d 916 (Tex.1967). However in construing a will, "the intent must be drawn from the will, not the will from the intent." *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960). No presumption can supplant plain and unambiguous language. *Casey v. Kelley*, 185 S.W.2d 492 (Tex.Civ. App.—Fort Worth 1945, writ ref'd). In *Griffin v. Nehls*, 576 S.W.2d 482 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.), another case involving a simultaneous death clause, this Court quoted Justice Greenhill's opinion in *Huffman*, supra: "... In determining the testator's intention, the true purpose of the inquiry is to ascertain not what he meant to express apart from the lan-

guage used, but what the words he has used do express."

 Paragraphs III & IV of the Formby will are not ambiguous. Appellee's appointment as independent executrix is clearly conditioned upon the simultaneous death of the decedent and his first wife, Marcella, or their death in a common calamity. The requisite contingency for appellee's appointment did not occur and she is therefore not entitled to serve as independent executrix.

Perhaps no problem would be presented had the will provided for the additional contingency the appellee would have us read into it, "if my husband predeceases me" or similar language common to most clauses appointing alternate and substitute executors and also found in the *Volkmer*, *McFarlen* and *Calloway* cases.[1] However, this would require the court to add materially to the words used by the testator. The court is limited to the intent found within the will itself and may not redraft the will. *Huffman, supra*. Given the language of the will, appellee's position is not strengthened by TEX. PROB. CODE ANN. § 69(b) (Vernon 1980). While sec. 69(b) determines as a matter of law that the divorced spouse did not survive the decedent, it cannot be interpreted as giving us the latitude to presume their simultaneous death.

Appellant's first four points are sustained.

Appellant's remaining points of error maintain the trial court erred in failing to appoint her as administratrix. Regarding appellant, the court made findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

14. There is a substantial conflict of interest between the interests of Mary Jane Formby and interests of the Estate of the Testator. The said Mary Jane Formby, since the death of the Testator, has sold substantial amounts of property

---

1. *Volkmer v. Chase,* 354 S.W.2d 611 (Tex.Civ. App.—Houston 1962, writ ref'd n.r.e.); *McFarlen v. McFarlen,* 536 S.W.2d 590 (Tex.Civ.App.— Eastland 1976, no writ); *Calloway v. Gasser,* 558 S.W.2d 571 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

belonging to his Estate without keeping a record of items sold and the prices or which the various items were sold, and mingled much of the proceeds with her personal earnings, and without keeping a record of the benefit. She has in general used property and money of the Estate as if it were her own without keeping records for accounting to the Estate for its use by her. She has not taken action to determine whether insurable property, and in particular the home in which she and the Testator resided at the time of his death is insured against loss by fire or otherwise. All of these acts and omissions have occurred without Court authorization or agreement with the heirs and beneficiaries of the Testator's Estate.

She is contending that a portion of the Testator's land is community property of her and Testator, as to which matter there is a direct conflict between her interests and those of Testator's Estate.

## CONCLUSIONS OF LAW

6. By reason of there being a substantial conflict between the interests of Mary Jane Formby and the interests of the Decedent's Estate, the appointment of Mary Jane Formby as Administratrix of the Decedent's Estate, with his Will annexed, would be inimical to the interests of the Estate of the Testator Noble Ercell Formby.

TEX. PROB. CODE ANN. § 78 (Vernon 1980) states:

"No person is qualified to serve as an executor or administrator who is:

(f) A person whom the court finds unsuitable."

Under these points appellant first complains that her qualifications were not in issue as the appellee's pleadings failed to raise the point. The trial court heard evidence bearing on appellant's qualifications without objection. She cannot complain of the insufficiency of appellee's pleadings for the first time on appeal. *Sherman v. Provident American Insurance Company,* 421 S.W.2d 652 (Tex.1967); *Alford v.*

*Alford,* 601 S.W.2d 408 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The appellant has raised evidentiary points. A review of all the record discloses there is sufficient evidence of probative value to support finding of fact no. 14 and the finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Therefore the trial court did not err in making conclusion of law no. 6.

Appellant contends that the trial court's order does not find that she is "unsuitable," the word used in the statute, TEX. PRO. CODE ANN. § 78 (Vernon 1980), but instead says that her appointment "would be inimical to the interests of the Estate." Inimical is variously defined as adverse, antagonistic and hostile. The word was used to describe the interest of an unsuitable applicant in *Bays v. Jordan,* 622 S.W.2d 148, 150 (Tex.Civ.App.—Fort Worth 1981, no writ). The trial court's order is a sufficient finding that appellant is not suitable and therefore not qualified to serve.

Appellant's remaining points are overruled.

That portion of the judgment appointing Florene Jordan Bradley as independent executrix is reversed and judgment is hereby rendered denying her application; in all other respects the judgment is affirmed.