In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-508 CV


____________________



IN RE ESTATE OF MARVIN NASH






On Appeal from the County Court at Law No. 2


Angelina County, Texas


Trial Cause No. 6970






OPINION


 The will at issue in this appeal bequeathed the testator's estate to his wife, if she
survived him by thirty (30) days, and named his wife's daughter, Shelley Tedder, as the
alternate beneficiary "in the event that my wife and I die at the same time or in the event
that she does not survive me by thirty (30) days or in the event that my wife should
predecease me. . . ." After executing the will, the testator divorced the wife, who outlived
him. The trial court declared that the testator's former wife could not take under the will,
and that the stepdaughter took under the will as the alternate beneficiary. The issue on
appeal is whether the trial court correctly construed the will, or whether the trial court
should have declared that the estate passed to the decedent's mother and brother under the
laws of descent and distribution. We hold that the will must be enforced as written; that
the specific condition precedent required for Tedder to inherit the estate did not occur; and
that, because decedent's will did not contain an operative residuary clause, the estate must
pass according to the law of descent and distribution. 

 Marvin Nash executed his will in 1994. He was divorced in 2002, two years before
his death. (1) Shortly after the trial court granted Russell Nash's application for an
independent administration of the Estate of Marvin Nash, Shelley Tedder produced Marvin
Nash's will, filed an application for probate, and opposed Russell Nash's application for
letters of administration. Russell Nash, together with putative heirs Pat Nash and Leroy
Nash, opposed the probate of the will and petitioned for a declaratory judgment on the
rights, status, and legal relation of the parties. See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.003 (Vernon 1997). The trial court admitted the will to probate and issued letters
testamentary to Shelley Tedder. The trial court then issued a declaratory judgment that
Shelley Tedder is the beneficiary under the will because the former wife is treated as if she
predeceased Marvin Nash. Leroy Nash and Pat Nash appeal the declaratory judgment. 


 The Probate Code addresses the effect of divorce on a will, as follows:

 § 69. Voidness Arising From Divorce

 (a) If, after making a will, the testator is divorced or the testator's
marriage is annulled, all provisions in the will in favor of the testator's
former spouse, or appointing such spouse to any fiduciary capacity under the
will or with respect to the estate or person of the testator's children, must be
read as if the former spouse failed to survive the testator, and shall be null
and void and of no effect unless the will expressly provides otherwise.


 (b) A person who is divorced from the decedent or whose marriage
to the decedent has been annulled is not a surviving spouse unless, by virtue
of a subsequent marriage, the person is married to the decedent at the time
of death.


Tex. Prob. Code Ann. § 69 (Vernon 2003). 


 The Legislature has amended § 69 over the years, and several courts have applied 
the evolving versions of this statute in construing wills. In Volkmer v. Chase, 354 S.W.2d
611 (Tex. Civ. App.--Houston 1962, writ ref'd n.r.e.), the testator executed a will in April
1959, divorced later that year, and died in 1960. At that time, Section 69 read as follows:

 If the testator is divorced after making a will, all provisions in the will
in favor of the testator's spouse so divorced, or appointing such spouse to
any fiduciary capacity under the will or with respect to the estate or person
of the testator's children, shall be null and void and of no effect.


Act of March 17, 1955, 54th Leg., R.S., ch. 55, § 69, 1955 Tex. Gen. Laws 88, 110. 


 In Volkmer, the will designated the former wife as the sole beneficiary, with an
alternate disposition to a trustee for the benefit of his children "Should my wife . . . 
precede me in death, or should we lose our lives simultaneously as in a common disaster
or within such proximity as not to have ample time to make a new Will, or should I fail
to make a new Will. . . ." Volkmer, 354 S.W.2d at 613. In holding that the estate
descended to the heirs at law, the appellate court agreed with the trial court's ruling that
the paragraph was a contingent bequest, the contingency had not occurred, and no property
rights vested by reason of the bequest. Id. at 615.

 In McFarlen v. McFarlen, 536 S.W.2d 590, 591 (Tex. Civ. App.--Eastland 1976,
no writ), the court applied the same version of Probate Code § 69 as that considered in
Volkmer. The testator divorced in 1968, executed a will in 1972, remarried the same
woman later that year, divorced again in 1974, and died a few months later. Id. at 591. 
The will bequeathed the testator's estate to the woman who had been and would be his
wife, and provided for an alternate disposition if the primary beneficiary were to
predecease the testator, "then, in that event and in that event only. . . ." Id. The court
held Section 69 prohibited the former spouse from taking under the will, and that the estate
passed to the heirs at law because the contingency for the alternate disposition did not
occur. Id. at 591-92.

 In Calloway v. Estate of Gasser, 558 S.W.2d 571, 573 (Tex. Civ. App.--Tyler
1977, writ ref'd n.r.e.), the will named the testatrix's then-husband in the residuary clause,
then provided alternate bequests "If my said husband does not survive me. . . ." The
parties divorced before the testatrix's death. Id. at 572-73. Section 69 prohibited the
former husband from taking under the will, but the court construed the will as though the
divorced husband had predeceased the testatrix, satisfying the condition precedent and
passing the estate to the contingent beneficiaries. Id. at 576. The court distinguished
McFarlen as having an emphatic condition precedent and Volkmer as having an ambiguous
provision. Id. at 576. The will in Calloway, the court reasoned, appropriately expressed
the testatrix's intent that the alternate beneficiaries take under the will if her husband could
not take for any reason. Id. at 576.

 After Volkmer, McFarlen and Calloway were decided, a 1979 amendment to
Probate Code § 69 added subsection (b), which read as follows:

 (b) A person who is divorced from the decedent or whose marriage
to the decedent has been annulled is not a surviving spouse unless, by virtue
of a subsequent marriage, the person is married to the decedent at the time
of death. 


Act of May 17, 1979, 66th Leg., R.S., ch. 713, § 12, 1979 Tex. Gen. Laws 1740, 1746.


 The Tyler Court of Appeals revisited the issue in Formby v. Bradley, 695 S.W.2d
782 (Tex. App.--Tyler 1985, writ ref'd n.r.e.), a case in which the testator executed a joint
will in 1957, divorced in 1977, and married another woman before his death in 1982. Id.
at 783. The will named the former wife as independent executrix of the estate, and made
no provision for an alternate executor should the surviving spouse be unable or unwilling
to serve, but did name an alternate executrix in the event of simultaneous death. Id. at
783. The former wife and joint maker survived the decedent, and Section 69 nullified the
provisions appointing her executrix. Id. Reasoning that a presumption cannot supplant
unambiguous language, the court held the alternate appointment was clearly conditioned
on a simultaneous death that did not occur, and ruled that the trial court erred in failing to
appoint the second wife as administratrix rather than the alternate executrix named in the
will. Id. at 784.

 In 1995, the Legislature altered subsection (a) of Probate Code § 69, as follows:

 If, after making a will, the testator is divorced or the testator's
marriage is annulled [after making a will], all provisions in the will in favor
of the testator's former spouse [so divorced], or appointing such spouse to
any fiduciary capacity under the will or with respect to the estate or person
of the testator's children, shall be null and void and of no effect unless the
will expressly provides otherwise. 


Act of May 24, 1995, 74th Leg., R.S., ch. 642, § 2, 1995 Tex. Gen. Laws 3516. 


 In 1997, the Legislature added that all provisions in the will in favor of the testator's
spouse "must be read as if the former spouse failed to survive the testator, and" shall be
null and void. Act of May 20, 1997, 75th Leg., R.S., ch. 1302, § 5, 1997 Tex. Gen.
Laws 4954, 4955-56. 

 The Eastland Court of Appeals revisited the issue with In re Estate of Wilson, 7
S.W.3d 169 (Tex. App.--Eastland 1999, writ denied), where a joint will executed in 1981
provided that all property "owned by the one of us dying last" would pass to the children
of their respective former marriages. Id. at 171. The will was never revoked but in 1993,
the parties signed an agreement incident to divorce in which they waived the right to
inherit from each other. Id. at 170. The appellate court held that Probate Code § 69
barred the former spouse from serving as executrix, agreed with the trial court that the
testator's intent could not be determined from the face of the will, held the will was valid
but the contingent bequest to the children failed, and that the decedent's estate descended
to his child as his heir at law. Id. at 171-72. 

 The appellants argue Nash's will unambiguously provided for an alternate
disposition only in the event his wife failed to survive him by thirty days, so the condition
precedent never occurred and the alternate disposition fails as it did in Volkmer and
McFarlen. They note that Probate Code § 69(a) voids only "provisions in the will in favor
of the testator's former spouse" and assert the condition precedent for the alternative
disposition was never triggered. Tex. Prob. Code Ann. § 69 (Vernon 2003). 

 The appellee, on the other hand, argues Calloway controls the result in this case
because the language in the will is neither limiting nor ambiguous. She argues the former
wife cannot be a surviving spouse under Probate Code § 69(b), so the entire will must be
read as though the former spouse predeceased the testator. The appellee also contends the
1997 amendment to Probate Code § 69 was enacted to implement the policy expressed in
the Uniform Probate Code and codify the conclusion reached in Calloway. The Uniform
Probate Code provision to which she refers was substantially amended in 1990, several
terms before the statutory amendment at issue here, to delete the language cited in
Calloway and upon which the appellee relies. See Unif. Probate Code § 2-508 ("Except
as provided in Sections 2-803 and 2-804, a change of circumstances does not revoke a will
or any part of it."). (2) 

 The 1997 amendment to the Probate Code was enacted after Volkmer, McFarlen and
Calloway were decided. The Legislature chose to clarify that the provisions of the will in
favor of the former spouse must be read as though the former spouse had predeceased the
testator. The Legislature could have revised the Probate Code to require that the entire
will be read as though the former spouse had predeceased the testator, but it did not do so. 
Thus, the cases which literally apply the conditions precedent for the alternate bequests
were not implicitly abrogated by the 1997 amendment to Section 69. Although this Court
has not directly addressed the application of Section 69, in Smith v. Williams, 449 S.W.2d
359, 360 (Tex. Civ. App.--Beaumont 1969, writ ref'd n.r.e.), we construed a joint will
that provided for an alternative disposition "[i]n the event of the death of both of us, at the
same time by accident, catastrophe, or otherwise. . . ." We affirmed the trial court's
ruling that the testamentary provision never became operative because the spouses died five
years apart; although it resulted in the partial intestacy of the second spouse, the
unambiguous provisions of the will could not be altered. Id. at 361. 

 In this case, the Nashes divorced after the will was executed and did not remarry. 
Therefore, the provisions in the will "in favor of the testator's former spouse . . . must be
read as if the former spouse failed to survive the testator" and the primary disposition to
the former spouse is void. Tex. Prob. Code Ann. § 69 (Vernon 2003). However, the
provision for a spouse, void because of a subsequent divorce, does not affect the other
provisions in the will. Because the alternate disposition to Tedder in the event the
testator's wife predeceased him or failed to survive him by thirty days is not a "provision
in favor of the former spouse," that portion of the will cannot be read as if the testator's
former spouse had failed to survive him. Nash's will unambiguously directed the
disposition of his estate in the event his wife predeceased him, but it did not direct the
disposition of his estate in the event his wife was unable to take for any other reason. 
Here, the reason the former wife cannot take under this will is because she was divorced
from Nash at the time of his death. The proposed alternate beneficiary here is a relative
of the ex-wife. As we stated in Smith, "the meaning of the parties must be determined
from the words selected for use in the will. . . ." Smith, 449 S.W.2d at 361. The will
does not direct the disposition of Nash's estate in any event other than the death of the
primary beneficiary. Courts cannot re-write a will to achieve the disposition we imagine
the maker would have accomplished had he contemplated unforeseen circumstances. The
absence of an operative residual clause requires us to treat the testator as though he died
intestate. 

 The trial court's declaratory judgment is reversed to the extent it declares that
"Shelley Tedder, the step-daughter of Marvin Nash, should take under the Will of Marvin
Nash and further should receive all of the Estate of Marvin Nash" and that "Shelley
Tedder takes under the Will because [the former wife] is treated as if she predeceased
Marvin Nash by virtue of their divorce." We render judgment that the Estate of Marvin
Nash descends to his heirs at law. The remainder of the declaratory judgment is affirmed.

 AFFIRMED IN PART; REVERSED AND RENDERED IN PART.




 ______________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on April 14, 2005

Opinion Delivered May 26, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. A new will was drafted in 2003, but it was never executed. 
2. Section 2-804(b) of the Uniform Code provides: "Except as provided by the express
terms of a governing instrument, . . . the divorce or annulment of a marriage: (1) revokes any
revocable (i) disposition or appointment of property made by a divorced individual to his [or her]
former spouse in a governing instrument and any disposition or appointment created by law or in
a governing instrument to a relative of the divorced individual's former spouse. . . ." Unif.
Probate Code § 2-804(b).