**In re ESTATE OF Marvin NASH, Deceased.**

**No. 05–0538.**

Supreme Court of Texas.

Argued Sept. 28, 2006.

Decided April 20, 2007.

Rehearing Denied June 1, 2007.

---

John W. Tunnell, Tunnell & Cox, L.L.P., Lufkin, TX, for Petitioner.

Thomas W. Deaton, Deaton Law Firm, Lufkin, TX, for Respondents.

Chief Justice JEFFERSON delivered the opinion of the Court.

While death is certain, divorce is not. In this case, the testator anticipated the former but did not prepare for the latter. His will—executed while he was married and designating his then-spouse as primary beneficiary—remained unchanged when he died, notwithstanding his divorce some two years earlier. The Legislature addressed devises in favor of former spouses by enacting Probate Code section 69, which provides that if a testator divorces after executing a will, provisions that favor the former spouse must be read as if the former spouse predeceased the testator. The question presented here is whether a contingent bequest to the testator's former stepdaughter is a provision favoring his former spouse. We conclude it is not and affirm the court of appeals' judgment.

## I

### Background

Marvin and Vicki Nash were married at the time he executed his will in 1994.

Vicki was named the primary beneficiary, and Shelley Tedder (Vicki's daughter and Nash's then-stepdaughter) was named contingent beneficiary. The relevant provisions of Nash's will are set out below:

*Disposition of Residue*

I give, devise and bequeath all of the rest and residue of my estate, of every kind and character, real, personal and mixed, but not including any property over which I have a power of appointment, unto my beloved wife, VICKI LYNN NASH, in fee simple forever, if she survives me by thirty (30) days.

*First Alternate Disposition of Residue*

In the event that my wife and I die at the same time or in the event that she does not survive me by thirty (30) days or in the event that my wife should predecease me, then and in either of these events, I give, devise and bequeath all of the rest and residue of my estate, of every kind and character, real, personal and mixed, but not including any property over which I have a power of appointment unto my beloved stepchild, SHELLEY RENE TEDDER.

Marvin and Vicki Nash divorced on July 8, 2002. When Nash died on April 29, 2004, he had made no changes to the will he executed some ten years earlier. Both Vicki Nash and Shelley Tedder survived Marvin Nash.

Nash's nephew, Russell Nash, filed an application for independent administration, stating that Marvin died intestate and providing the names of Marvin's two other heirs at law: Marvin's brother, Leroy Nash; and Marvin's mother, Pat Nash.[1] The application stated that Nash and Vicki

were divorced at the time of Nash's death, that Nash never adopted Tedder, and that the trial court should therefore partition Nash's estate among his heirs.

On May 25, 2004, the trial court granted Russell's application and ordered the clerk to issue letters of independent administration to Russell. Two days later, Tedder opposed Russell's application and sought to probate Nash's will herself. Tedder claimed that Nash left a valid will that had never been revoked and that she, as the contingent beneficiary, was the alternate independent executrix. After a hearing, the trial court stayed the letters of administration. Russell, Pat, and Leroy Nash opposed the probate of Nash's will and sought a declaratory judgment that Tedder take nothing. The trial court admitted Nash's will to probate, issued letters testamentary to Tedder, and declared that Tedder was entitled to Nash's entire estate.[2] Pat and Leroy Nash appealed. The court of appeals reversed the trial court's judgment in part, holding that Marvin Nash's estate descends to his heirs at law because the requisite condition precedent for Shelley Tedder to inherit under Nash's will never occurred. 164 S.W.3d 856, 857. We granted Tedder's petition for review. 49 Tex. Sup.Ct. J. 509 (Apr. 21, 2006).

## II

### Discussion

Before 1997, Probate Code section 69(a) provided:

(a) If, after making a will, the testator is divorced or the testator's marriage is annulled, all provisions in the will in favor of the testator's former spouse, or appointing such spouse to any fiduciary

---

1. Both Pat and Leroy Nash waived their right to be appointed administrators of Marvin's estate and requested that Russell Nash be appointed as independent administrator.

2. The trial court found that, although a new will had been prepared for Marvin Nash in 2003, he did not execute it before he died.

capacity under the will or with respect to the estate or person of the testator's children, shall be null and void and of no effect unless the will expressly provides otherwise.

Act of May 24, 1995, 74th Leg., R.S., ch. 642, § 2, 1995 Tex. Gen. Laws 3516, 3516, *amended by* Act of May 22, 1997, 75th Leg., R. S., ch. 1302, § 5, 1997 Tex. Gen. Laws 4954, 4955–56. In 1997, the Legislature added the phrase "must be read as if the former spouse failed to survive the testator," so that the statute now provides, in relevant part:

> (a) If, after making a will, the testator is divorced or the testator's marriage is annulled, all provisions in the will in favor of the testator's former spouse, or appointing such spouse to any fiduciary capacity under the will or with respect to the estate or person of the testator's children, *must be read as if the former spouse failed to survive the testator,* and shall be null and void and of no effect unless the will expressly provides otherwise.

TEX. PROB.CODE § 69(a) (emphasis added); Act of May 22, 1997, 75th Leg., R.S., ch. 1302, § 5, 1997 Tex. Gen. Laws 4954, 4955–56.

Tedder contends that the Legislature's 1997 amendments govern all contingent bequests; that is, that the entire will should be read "as if the former spouse failed to survive the testator." She argues that, absent such a construction, the 1997 language adds nothing to the statute, which already provided that bequests in favor of a former spouse would be "null and void and of no effect." She also points to *Calloway v. Estate of Gasser,* 558 S.W.2d 571, 575–76 (Tex.Civ.App.-Tyler 1977, writ ref'd n.r.e.), in which the court held that, after divorce, the will should be construed and given effect as though the former spouse had predeceased the testa-trix, "thereby passing the decedent's estate to the contingent beneficiaries." Tedder argues that the Legislature's 1997 amendments were intended to codify *Calloway.*

The Nashes contend that section 69 applies only to provisions that favor the former spouse. Because the contingent bequest to Tedder does not favor Marvin Nash's former spouse, the will must be construed as written. Vicki Nash did not predecease Marvin, so the contingent bequest did not become operative, and the estate passes to Marvin Nash's heirs at law.

■ We agree with the Nashes. When construing a statute, our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen. *State v. Shumake,* 199 S.W.3d 279, 284 (Tex.2006); *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex. 2003). If a statute is clear and unambiguous, we apply its words according to their common meaning without resort to rules of construction or extrinsic aids. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865–66 (Tex.1999).

■ The language of the pre–1997 versions of section 69 was clear despite the more recent phrase added by the Legislature: those provisions in a will that favor a former spouse are of no effect. *See, e.g., Smith v. Smith,* 519 S.W.2d 152, 154 (Tex. Civ.App.-Dallas 1975, writ ref'd) (stating that section 69's policy objective is to give effect to the testator's intentions regarding the disposition of his property). The 1997 language—"must be read as if the former spouse failed to survive the testator"— does nothing more than restate the "null and void and of no effect" statutory text. TEX. PROB.CODE § 69(a). While we recognize that we should avoid, when possible,

treating statutory language as surplusage, *Sultan v. Mathew,* 178 S.W.3d 747, 751 (Tex.2005), there are times when redundancies are precisely what the Legislature intended, *see In re City of Georgetown,* 53 S.W.3d 328, 336 (Tex.2001) (noting that statutory redundancies may mean that "the Legislature repeated itself out of an abundance of caution, for emphasis, or both").

Our interpretation of section 69 is consistent with the manner in which the courts of appeals interpreted section 69 prior to the 1997 amendments. The Houston and Eastland courts held that contingent bequests (similar to the one at issue here) failed when the former spouse had not actually predeceased the testator, despite section 69. *See McFarlen v. McFarlen,* 536 S.W.2d 590, 591–92 (Tex.Civ.App.-Eastland 1976, no writ) (noting that "[s]ection 69 . . . merely provides that provisions in a will favoring the testator's divorced spouse are a nullity, not the entire will"); *Volkmer v. Chase,* 354 S.W.2d 611, 615 (Tex.Civ.App.-Houston 1962, writ ref'd n.r.e.) (holding that contingent bequest in favor of two of testator's three children failed because contingency—that former spouse predecease testator—had not occurred). Similarly, in *Formby v. Bradley,* 695 S.W.2d 782, 783–84 (Tex.App.-Tyler 1985, writ ref'd n.r.e.), the Tyler court of appeals held that section 69 did not trigger a contingency based on the simultaneous death of the testator and his former spouse, so that the appellee (a third party) was not entitled to serve as independent executrix. And though in *Calloway,* the Tyler court of appeals held that section 69 allowed the estate in question to pass to the named contingent beneficiaries in the will, the court was careful to distinguish its holding from both *Volkmer* and *McFarlen* on the case's facts. *Calloway,* 558 S.W.2d at 576–77.[3] While Tedder asserts that the 1997 amendments were intended to codify *Calloway,* it is difficult to imagine the Legislature would have waited twenty years to incorporate that holding. As the court of appeals noted, "[t]he Legislature could have revised the Probate Code to require that the entire will be read as though the former spouse had predeceased the testator, but it did not do so." 164 S.W.3d at 860 (emphasis omitted).

■ Because section 69 affects only those provisions in a will that favor the divorced spouse, the other provisions remain undisturbed. Here, Nash's will devised all of his property to his (now divorced) wife, unless: (1) they died at the same time; (2) she failed to survive him by thirty days; or (3) she predeceased him. Only then would Nash's property pass to Vicki's daughter, Shelley Tedder. None of those three contingencies has occurred.

### III

### Conclusion

Probate Code section 69 requires that only those provisions in a will that favor a former spouse be read as if she predeceased the testator. The contingent bequest to Tedder is not such a provision, and section 69's language does not govern that bequest. Accordingly, Tedder does not take under the will, and Nash's estate passes according to the laws of descent and distribution. *See* TEX. PROB.CODE ch. 2. We affirm the court of appeals' judgment. TEX.R.APP. P. 60.2(a).

---

**3.** The court of appeals noted "a considerable difference between the wording of the wills in those two cases and the wording of the will in the instant case." *Calloway,* 558 S.W.2d at 576–77.