**Georgia GRIFFIN et al., Appellants,**

v.

**John Buford NEHLS, Appellee.**

**No. 1186.**

Court of Civil Appeals of Texas, Tyler.

Jan. 11, 1979.

Rehearing Denied Feb. 1, 1979.

Roger M. Norman, Norman & Bates, Fort Worth, for appellants.

Gordon Wellborn, Wellborn, Houston, Bailey & Perry, Henderson, for appellee.

SUMMERS, Chief Justice.

This appeal is from a summary judgment construing the will of testatrix, Lois Griffin Nehls, deceased. Suit was brought by Georgia Griffin and four other collateral kin, as plaintiffs, against defendant, John Buford (J. B.) Nehls, for a declaratory judgment construing said will. Plaintiffs are the mother, nephews, niece and brother of testatrix and defendant is the surviving husband of testatrix.

Both the plaintiffs and the defendant filed their respective motions for summary judgment. The trial court granted the defendant's motion for summary judgment and overruled the plaintiffs' motion, from which action plaintiffs have appealed. We affirm.

Lois Griffin Nehls, testatrix, and J. B. Nehls, defendant, were married on May 21, 1950 and lived together until her death on December 10, 1972, at which time she was a resident of Gregg County, Texas. No children were born or adopted to their marriage nor to her one previous marriage to one Ben Franklin which ended in divorce prior to 1950. All of the property owned by testatrix and defendant at her death was community property of their marriage.

Testatrix was survived by her husband, defendant Nehls, and by her collateral kin who are plaintiffs herein. On August 4, 1972, testatrix executed her last will and testament which is the subject of this litigation. On September 4, 1974, defendant Nehls filed his affidavit with the original of said will for recording in the Deed Records of Gregg County, Texas, as an election not to probate said will but to take under the Laws of Descent and Distribution. On February 7, 1977 the will was admitted to probate as a muniment of title by the County Court of Gregg County, Texas, upon the application of Leslie Griffin, a plaintiff herein. Plaintiffs filed this suit to construe the will on July 5, 1977.

After making a special bequest of a mink coat and other clothing in Paragraph III, the will provided as follows:

"IV. I give, devise and bequeath all the rest, residue and remainder of property that I might own on the date of my death, whether real, personal or mixed and wheresoever situated, to my husband, J. B. Nehls, for his use and benefit during his natural life."

The part of Paragraph V pertinent to this appeal reads as follows:

"V. Should my husband and I die in a common calamity, irrespective of the order of our death, or should he die before I do, I make the following specific bequests: . . . ."

Paragraph V then named the plaintiffs as beneficiaries of such specific bequests.

Plaintiffs predicate their appeal on two points of error which contend that the trial court erred in (1) granting the defendant's motion for summary judgment and (2) failing to grant plaintiffs' motion for summary judgment because the phrase in Paragraph V, "irrespective of the order of our death," should be construed to dispose of the remainder interest.

Plaintiffs contend that the will should be construed as creating via Paragraph IV a life estate in the residue of J. B. Nehls, defendant, and then creating a remainder interest in favor of plaintiffs, via Para-

graph V of the will. It is without dispute that Paragraph IV recites a life estate in the residue to J. B. Nehls, testatrix's surviving husband. The dispute between the parties centers around the construction to be given Paragraph V of the will. The plaintiffs further contend that defendant failed to establish as a matter of law that extrinsic evidence of the intentions of the testatrix should not be received in evidence for purposes of construction of the will and that the phrase "irrespective of the order of our death," should be construed to dispose of the remainder interest. We disagree. The defendant responds that the phrase "irrespective of the order of our death," refers back to common calamity and is not a separate and independent alternative which would dispose of a remainder interest. It is clear from a reading of Paragraph V that the residue of testatrix's property was devised (that is the clause became operative) only in the event of the death of both parties as the result of a common calamity or should J. B. Nehls die before testatrix dies. There is no ambiguity and the meaning of the parties must be determined from the words selected for use in the will, not from some undisclosed intent which might be shown by parol evidence. *Smith v. Williams,* 449 S.W.2d 359 (Tex.Civ.App.—Beaumont 1969, ref'd n. r. e.).

In *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885 (1960), the court said:

". . . The intent must be drawn from the will, not the will from the intent.

"The rule of law applicable here is expressed in Page on Wills:

'. . . In determining the testator's intention, the true purpose of the inquiry is to ascertain not what he meant to express apart from the language used, but what the words he has used do express. Accordingly, when there is no dispute as to what words were written in the will, it is a fundamental principle that extrinsic evidence cannot be received to show that the testator intended something outside of, and independent of such written words, to add words to those in the will, to

contradict its language, or to take words away from those in the will, . . . .' 4 Page on Wills (Lifetime Ed.) 662 et seq., sec. 1617."

Regarding the presumption that a testator intends to dispose of the whole estate, the court in *Huffman,* supra, said:

". . . This presumption is but one of the factors to be considered in arriving at the intention of the testatrix as expressed in the will itself. It cannot be invoked to add to or to change the express language of a will. *Kostroun v. Plsek,* Tex.Com.App.1929, 15 S.W.2d 220."

*Casey v. Kelley,* 185 S.W.2d 492 (Tex.Civ. App.—Fort Worth 1945, writ ref'd), is another authority cited and relied upon by defendant to sustain his contention. The court there said:

"It will be observed that whether property passes under a will or by descent and distribution, the title vests immediately upon the death of the owner; there is never a time when the title is not vested in somebody. The cardinal rule in the interpretation of wills is that the intention of the testator is to be ascertained, if possible, by the language of the whole will. It is also true that a presumption prevails that a testator intends to dispose of the whole estate; *Sanger v. Butler,* 45 Tex.Civ.App. 527, 101 S.W. 459, 461, writ refused. But the same authority lays down the universal rule to the effect that the intention of the testator, as expressed in the will, must prevail. No presumption will supplant plain and unambiguous language; the parties here have stipulated that only a life estate in Mary Casey was created by the will and that testator died intestate as to the remainder. It is held in *Hagood v. Hagood,* Tex.Civ.App., 186 S.W. 220, writ refused, that a person may die testate as to part of his estate and intestate as to other parts."

■ Plaintiffs further contend that the defendant failed to present proper summary judgment proof to support the trial court's summary judgment in favor of defendant. Defendant submitted its motion

for summary judgment under the provisions of Rule 166–A, T.R.C.P., on the ground that there was no genuine issue as to any material fact and that he was entitled to judgment as a matter of law.

Rule 166–A(b), T.R.C.P., states:

"For Defending Party. A party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor . . . ."

Subdivision (c) of that rule states in part:

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that . . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or other response."

In *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970), the court stated that in summary judgment cases:

"[T]he question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action." (Emphasis theirs.)

In the instant case, the trial court in its summary judgment stated that consideration was given to the pleadings, depositions, exhibits and affidavits on file. Attached to the deposition of J. B. Nehls as Exhibit 2 thereto, were his affidavit as an election not to probate said will but to take under the laws of descent and distribution and also the original of the will which is the instrument in question. We hold that plaintiffs' contention that there was not proper summary judgment proof is without merit.

In granting the defendant's motion for summary judgment, the trial court found that the last will of Lois Griffin Nehls recited the provision for a life estate for her surviving husband, J. B. Nehls; that the phrase "irrespective of the order of our death," in Paragraph V of the will refers to common calamity and is not a separate and independent alternative so as to dispose of a remainder interest; that J. B. Nehls and Lois Griffin Nehls did not die in a common calamity nor did J. B. Nehls die before Lois Griffin Nehls and J. B. Nehls was alive at the date of said judgment; and that Paragraph V never became operative. From this finding, the trial court concluded that Lois Griffin Nehls died intestate as to all remainder property and the same vested in John Buford Nehls at the time of her death under the Texas Laws of Descent and Distribution, V.A.T.S. Probate Code secs. 37 and 45.

For the reasons stated above points 1 and 2 are overruled, and the judgment of the trial court is affirmed.