**MERRITT v. MERRITT.**

No. 14308.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 5, 1941.

Rehearing Denied Jan. 23, 1942.

Hurst, Leak & Burke, of Longview, for appellant.

Jack E. Price and Cecil Storey, both of Longview, for appellee.

BROWN, Justice.

Emmett L. Merritt, now deceased, was, on November 7, 1927, the husband of Elizabeth Merritt, and they had one minor child, a son, Loyd Elwood Merritt. No other child was born to the union.

On said date Merritt was being initiated into one of the well known Masonic bodies and was to be given the Scottish Rite degrees.

As an applicant for such degrees he was furnished with a printed form to be used in executing his will and he was requested to execute his will on such form.

The will is, generally speaking, couched in the usual, formal language employed, and we are only concerned with the following provisions: "First, I give and bequeath to my son, Loyd Elwood, one-half of all property and estate, paid at the age of 21 years. 2. My beloved wife Elizabeth Merritt the other one-half, to take charge at my death, and act as administratrix to all personal property and belongs. My wife Elizabeth Merritt to share child's part if she marries again."

This will was admitted to probate in Gregg County, Texas, after Merritt died on August 31st, 1938.

In September, 1933, Merritt brought suit against Elizabeth Merritt, seeking a bill of divorcement. The then Mrs. Merritt executed a waiver of citation, and on January 18, 1934, the parties entered into a property settlement, whereby Merritt agreed to pay Elizabeth Merritt the sum of $2,250 in cash, in full settlement of all of her claims and rights in and to the community estate and thereby executed a full release because of the agreed settlement.

The agreement was duly acknowledged by both parties, and on the 19th day of January, 1934, a decree of divorcement was rendered by the district court of Gregg County, and the agreement settling all property rights of the parties was specially approved and ratified by the court. .

All payments have been made to Elizabeth Merritt, except $30, which has been tendered by the legal representative of Merritt's estate and refused by Elizabeth Merritt because the tender was made in full settlement of her claims and demands.

Merritt subsequently married Sina Merritt, with whom he was living at the time of his death.

All of the property owned by Merritt at his demise is community property acquired since his last marriage.

His said will being probated, the divorced wife claims that she is entitled, by virtue of the terms of the will, to an undivided one-fourth (¼) of said community estate; that the present Mrs. Merritt is entitled to one-half (½) thereof and that she and her son, Loyd Elwood Merritt, each take one-half (½) of the community interest owned by Merritt at his death.

The minor son brings suit against his mother on the theory that the said will has been revoked; that his mother is not entitled to any portion of his deceased father's estate; but that he is entitled to his father's share of the said community estate owned by his father and his stepmother.

The cause was tried to the court without the assistance of a jury, and plaintiff was denied a recovery against his mother.

The cause being appealed to the Court of Civil Appeals for the Texarkana District was, by the Supreme Court, transferred to the Court of Civil Appeals for the Fort Worth District.

The contention here is that the will was revoked by reason of the facts we have detailed.

We are frank to say that the will should have been revoked.

· The first wife became a total stranger to Merritt when the bonds of matrimony between them were effectively severed by the decree of divorcement.

There is no reason in equity and good conscience why this divorced wife should be entitled to any part of the estate Merritt built up after the divorce, and this is particularly true when we consider that the estate came into being when Merritt was lawfully married to a second wife, with whom he accumulated the estate.

Under all of the rules of right, if there were no surviving child to share in this community estate, it should have gone to the "community partner", with whom Merritt was living, when it was accumulated. But there being a surviving son, by all measurements of right, it should fall to him.

However, we are confronted with a will that has been regularly admitted to probate, and the testator had the privilege of doing with his own as it pleased him.

■ Article 8285, Revised Civil Statutes, expressly provides: "No will in writing, made in conformity with the preceding articles, nor any clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil or declaration in writing, executed with like formalities, or by the testator destroying, canceling or oblitering the same, or causing it to be done in his presence."

If appellant can prevail in this suit, his right must be measured by the provision, "or declaration in writing, executed with like formalities".

Webster's Dictionary defines "declaration" thus: "A formal, positive or explicit statement or affirmation; asservation; assertion; either the act of declaring, or that which is declared."

We are of opinion that the declaration in writing, provided for in the statute, must be couched in such words as that an intention to revoke a previously made will is clearly shown.

■ We do not believe that there is any provision in the property settlement agreement made by Merritt and his first wife that may be by us fairly construed as an intention to revoke his will theretofore made.

We do not find in this record any sound basis for holding a revocation of the will "by implication".

In Morgan v. Davenport, 60 Tex. 230, at page 237, our Supreme Court said: "We therefore hold that under the statutes of this state there can be no such thing as the revocation of a valid written will, unless the same be revoked in one of the manners prescribed by the statute."

The case before us presents a typical illustration of the lack of care that the average American citizen takes in seeing that his estate is disposed of according to his personal desires, after his demise.

Finding no reversible error, the judgment is affirmed.