Velma Beatrice McFARLEN, Appellant,

v.

Ruth McFARLEN, Appellee.

No. 4894.

Court of Civil Appeals of Texas, Eastland.

April 1, 1976.

George D. Beall, Nunn, Griggs, Beall & Wilks, Sweetwater, for appellant.

R. Temple Dickson, Mays, Moore, Dickson & Roberts, Inc., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a judgment of the County Court of Nolan County setting aside and vacating its previous order admitting the last will and testament of William Arnold McFarlen, deceased, to probate and appointing Velma Beatrice McFarlen Independent Executrix.

After the will was admitted to probate, Ruth McFarlen brought suit contending that the will was null and void under Section 69, Texas Probate Code, V.A.T.S. The trial court agreed. Velma Beatrice McFarlen appeals, contending the court erred in declaring the will and letters testamentary issued to her null and void. We reverse and render in part and affirm in part.

William Arnold McFarlen and Velma Beatrice McFarlen were married October 19, 1932, and were divorced July 12, 1968. William McFarlen, as a single man on June 2, 1972, executed the will in question. On October 19, 1972, Velma and William remarried and again divorced January 10, 1974. William then married Ruth McFarlen February 25, 1974, and died August 6, 1974, without having revoked or changed the will dated June 2, 1972.

The will contains four basic paragraphs. Paragraph one provides for the payment of debts and taxes; paragraph two bequeaths and devises all of McFarlen's estate to Velma Beatrice McFarlen; paragraph three appoints Velma Beatrice McFarlen independent executrix and alternatively appoints First National Bank, Sweetwater, Texas, independent executor "should she (referring to Velma Beatrice McFarlen) fail or refuse to qualify". Paragraph four provides:

> "In the event that VELMA BEATRICE McFARLEN predeceases me, then, in that event and in that event only, I hereby will, devise and bequeath unto my daughter, JOHNNIE LANELL ANYON, all of my estate, real, personal, and mixed, in fee simple."

V.A.T.S., Probate Code, § 69 (1956), states:

> "If the testator is divorced after making a will, all provisions in the will in favor of the testator's spouse so divorced, or appointing such spouse to any fiduciary capacity under the will or with respect to the estate or person of the testator's children, shall be null and void and of no effect. Acts 1955, 54th Leg., p. 88, ch. 55."

■ We think this statutory provision prohibits Velma Beatrice McFarlen from being either a beneficiary or a fiduciary under the will. *Volkmer v. Chase*, 354 S.W.2d 611 (Tex.Civ.App.—Houston 1962, writ ref. n. r. e.).

■ The gift over to Johnnie Lanell Anyon was a contingent bequest and the contingency, that Velma Beatrice McFarlen predecease William Arnold McFarlen, had not occurred at the death of the testator. No property rights, therefore, vested by reason of the gift over. *Volkmer v. Chase*, supra; *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925 (1956); *Fain v. Fain*, 335 S.W.2d 663 (Tex.Civ.App.—Fort Worth 1960, writ ref.).

■ Since neither Velma Beatrice McFarlen nor Johnnie Lanell Anyon take under the will, and the will contains no

residuary clause, we think the estate of William Arnold McFarlen descended to his lawful heirs. *Bittner v. Bittner*, 45 S.W.2d 148 (Tex.Com.App.1932, no writ).

■ We find no evidence the will was null and void. Section 69, supra, merely provides that provisions in a will favoring the testator's divorced spouse are a nullity, not the entire will. We hold the court erred in setting aside the previous order admitting the will of William Arnold McFarlen to probate, and we reverse and render that portion of the judgment. We affirm that portion of the judgment declaring null and void the appointment of Velma McFarlen independent executrix of the estate of William Arnold McFarlen.

Reversed and rendered in part, affirmed in part.