**In re The GROUP LIFE INSURANCE PROCEEDS OF Curtis B. MALLORY, Deceased.**

**No. 07–93–0429–CV.**

Court of Appeals of Texas, Amarillo.

March 3, 1994.

Jairl P. Dowell, Amarillo, for appellant.

Gassaway, Gurley & Mitchell, Leon Mitchell, Borger, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

By a single point of error, Rachael Mallory Davis, Nyree Nicole Mallory, Shakera Davaun Mallory, and Dawn Michele Mallory (the Mallorys), contend the trial court erred in rendering a declaratory judgment awarding two-sixths of the proceeds of an insurance policy on the life of Curtis B. Mallory, deceased, to Erika G. Ates and Jacquelyn Y. Ates (the Ateses). Disagreeing, we will affirm.

The underlying facts were stipulated by all parties. The Mallorys are the natural born daughters and heirs at law of Curtis Mallory, and the Ateses are his former step-daughters.

Curtis Mallory married Glenda M. Ates Mallory on 24 March 1991. The following day, Curtis, as an insured under a group life insurance policy maintained through his employer, Phillips Petroleum Company, changed the designation of primary and alternate beneficiaries on the policy. By this change, Glenda became the primary beneficiary and the alternate beneficiaries were designated as his four natural daughters, the Mallorys, and his two step-daughters, the Ateses.

After living together for 64 days, Glenda and Curtis separated. On 15 September 1992, the couple were divorced, and Curtis was awarded ownership of the policy.

Despite the brevity of his marriage to Glenda and his resulting step-parent relationship to the Ateses, Curtis did not change the designation of the primary or alternate beneficiaries on the policy after the divorce; indeed, the parties stipulated there were no written documents specifying his intent to do so. On 13 January 1993, Curtis died in a one-vehicle accident.

Because the Texas Family Code [1] provides that a designation of an ex-spouse as a beneficiary under an insurance policy is not effective, absent certain criteria not met in this case, General American Life Insurance Company, as an underwriter for the policy, notified Glenda she was not entitled to proceeds from the policy. When Glenda failed to make the requested stipulation that she was not entitled to the proceeds, the Mallorys filed the underlying suit to have the designation of the primary and alternate beneficiaries declared ineffective, thereby making the proceeds available only to the heirs at law, *i.e.*, the Mallorys.

During the course of the suit, Glenda stipulated that her designation "as beneficiary is void pursuant to § 3.632 of the Texas Family Code," leaving for resolution the sole issue whether the designation of the alternate beneficiaries was void. The parties agreed that, regardless of the outcome of the underlying suit, the Mallorys were entitled, at a minimum, to one-sixth each of the proceeds under the policy, and the entitlement of the remaining two-sixths was all that was subject to dispute.

Upon a motion by the Mallorys for judgment and severance, the trial court rendered judgment awarding the Mallorys four-sixths of the policy proceeds, and severed the remaining issue of entitlement to the other two-sixths of the proceeds. Later, by its declaratory judgment rendered in the severed cause, the trial court, determining that

1. The pertinent portion of the Family Code provides:

 (a) In a decree of divorce or annulment the court shall determine all rights of both spouses in an insurance policy, including life, casualty, liability, and health insurance.

 (b) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

 (1) the decree designates the insured's former spouse as the beneficiary;

 (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or

 (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

 (c) If a designation is not effective under Subsection (b) of this section, the proceeds of the policy are payable to the named alternative beneficiary, or, if there is not a named alternative beneficiary, to the estate of the insured.....

 Tex.Fam.Code Ann. § 3.632(a)–(c) (Vernon 1993).

"the alternative beneficiary designation was never modified or changed and there is no other written document executed by Curtis B. Mallory after his divorce of September 15, 1992, specifying his intent to designate other beneficiaries under the group life insurance policy," awarded the remaining two-sixths of the proceeds to the Ateses. However, since the judgments "involve a common question of law and identical facts," the causes were reconsolidated for purposes of appeal.

By a single point of error, the Mallorys complain of the award to the Ateses, contending the trial court erred in holding the alternate beneficiary designation was effective. Alternatively, they contend the trial court should have held the designation was "presumptively effective subject to rebuttal."

 Initially, the Mallorys theorize that § 3.632(b) of the Family Code and § 69 of the Probate Code [2] are sufficiently analogous so that cases interpreting § 69 of the Probate Code should be controlling. Specifically, the Mallorys rely upon the holdings of *McFarlen v. McFarlen*, 536 S.W.2d 590 (Tex. Civ.App.—Eastland 1976, no writ), and *Volkmer v. Chase*, 354 S.W.2d 611 (Tex.Civ. App.—Houston 1962, writ ref'd n.r.e.), to contend that Glenda's death was the only condition precedent to the actualization of alternate beneficiary designation, and the divorce and its ensuing effect upon Glenda's interest was insufficient to invoke the rights of the alternate beneficiaries. The reliance is misplaced, for the decisions in *McFarlen* and *Volkmer* are inapposite.

The holding of the *McFarlen* court, that the contingency vesting property rights in the gift over was not met, was based upon specific language in the testator's will that in the event his wife predeceased him, "then, in that event and that event only," the property would go to his daughter. 536 S.W.2d at 591. Because McFarlen's wife did not predecease him, despite the fact that the probate statute made void any bequest to her, the contingency had not been met pursuant to the express terms of his will that the gift over was effective "only" in the event his wife predeceased him. *Id.*

In *Volkmer*, the contingent beneficiary was precluded from inheritance because the testator's language in stating the conditions under which the contingent beneficiary would take was ambiguous and his intent could not be ascertained. 354 S.W.2d at 614–15. No such allegations of ambiguity have been made in the present instance.

Consequently, we are not persuaded to accept the Mallorys' argument, particularly as it is based upon the *McFarlen* and *Volkmer* decisions, that for the alternate beneficiary designation to "become effective under Texas law, they [the alternates] must 'survive' the primary beneficiary, which means the former Mrs. Mallory must have *predeceased* the insured during the marriage, not merely been statutorily disqualified." In cases where the language of the testator is not limiting or ambiguous, *McFarlen* and *Volkmer* have been distinguished based upon the language used by the testators, and the statute has been held not to extend to operate as an implied revocation of devises and bequests to other objects of the testator's bounty. *Calloway v. Estate of Gasser*, 558 S.W.2d 571, 575 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

The Mallorys attempt to evade the *Calloway* holding by contending the Ateses were no longer the "natural objects" of Curtis's bounty since they were no longer his stepdaughters. However, according to the Texas Insurance Code, persons named as beneficiaries by a person of legal age insuring his or her own life are deemed to have an insurable interest in the life of the insured at all times after they are so designated. Tex.Ins.Code Ann. art. 3.49–1 § 1 (Vernon 1981).

---

2. The Probate Code section provides:
 (a) If the testator is divorced after making a will, all provisions in the will in favor of the testator's spouse so divorced, or appointing such spouse to any fiduciary capacity under the will or with respect to the estate or person of the testator's children, shall be null and void and of no effect.

 (b) A person who is divorced from the decedent or whose marriage to the decedent has been annulled is not a surviving spouse unless, by virtue of a subsequent marriage, the person is married to the decedent at the time of death.
 Tex.Prob.Code Ann. § 69 (Vernon 1980).

We find the holding in *American Nat. Ins. Co. v. Huckleberry*, 638 F.Supp. 233 (N.D.Tex.1986), instructive. In *Huckleberry*, the federal district court was called upon to determine whether an innocent alternate beneficiary was entitled to insurance proceeds when the primary beneficiary lost his rights to the proceeds due to a conviction for murdering the insured. In applying Texas law, the court determined that, despite the language in the statute that in the event of forfeiture due to murder of the insured by the primary beneficiary, the "nearest relative of the insured shall receive said insurance," the named alternate beneficiary, a step-son, was entitled to the proceeds since *all* the beneficiaries were not disqualified from receiving the proceeds. *Id.* at 238.

Similarly, the Family Code specifically provides that if the beneficiary designation of a former spouse is rendered ineffective by virtue of § 3.632 the proceeds must be paid to the alternate beneficiary named in the policy, if any. Tex.Fam.Code Ann. § 3.632(c) (Vernon 1993). As a consequence, the designation of the Ateses as alternate beneficiaries is effective under the same statute making the primary beneficiary designation ineffective.

In the alternative, the Mallorys contend that even if the designation is effective, it is only presumptively so because there were "extraordinary circumstances" surrounding the timing of Curtis's death after the divorce. Therefore, they contend, the designation of the alternate beneficiaries should be subject to proof that Curtis would have changed the designation had he not died only four months after his divorce. We disagree.

When an insured intends to change the beneficiary on his policy but does not change the designation, or at least substantially comply with policy requirements for a change of beneficiary, the contract rights of the beneficiary are not changed merely by such an intent. *Scherer v. Wahlstrom*, 318 S.W.2d 456, 459 (Tex.Civ.App.—Fort Worth 1958, writ ref'd). Since the parties stipulated there were no documents evidencing Curtis's intent to change the designation, the Mallorys could not prove that Curtis had substan-

tially complied with the policy requirements for a change of beneficiary. The Mallorys' single point of error is overruled.

Accordingly, the judgment is affirmed.