**In re Estate of Melvin Lynn WILSON, Deceased.**

No. 11–98–00104–CV.

Court of Appeals of Texas, Eastland.

April 15, 1999.

Rehearing Overruled May 13, 1999.

**170**

Andy McMullen, Hamilton, for appellant.

Gale Warren, Stokes & Warren, Stephenville, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

OPINION

McCALL, Justice.

At issue in this case is the validity of provisions in a joint will executed by Melvin Lynn Wilson and his wife at that time, Jo Ann Reed Wilson. Melvin and Jo Ann were married on June 16, 1981, executed the joint will at issue in this case on August 9, 1981, and were divorced on January 21, 1993. They had no children together. Melvin had one child, Lisa Marie Wilson Martin (appellee), previous to this marriage; and Jo Ann had two children, Robert Dean Parker, Jr. and Robin Rene Parker Tomita (appellants), previous to this marriage. Both appellee and appellants submitted the joint will for probate after Melvin's death. However, appellee also filed a petition for declaratory judgment in which she requested, among other things, that the trial court construe the will and the agreement incident to divorce as incorporated into Melvin and Jo Ann's divorce decree, determine the effect of TEX. PROB. CODE ANN. § 69 (Vernon 1980 & Supp.1999) on the will, find that appellee is Melvin's sole beneficiary and heir, and declare that the will is void.

The trial court entered an order denying probate of the will and declaring that the will had been effectively revoked by the agreement incident to divorce, that the estate to be disposed of by the will no longer exists, that it would be a gross miscarriage of justice to effectuate the testamentary plan in the will, that the will is void, and that Melvin shall be deemed to have died intestate. Appellants present 65 issues for review in 6 groups of issues. We affirm in part and reverse and render in part.

The facts underlying this case are not in dispute. Consequently, the construction of the will and the applicable statutes are questions of law for the court to determine. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989); *Brown v. Payne*, 142 Tex. 102, 176 S.W.2d 306, 308 (1943); *Floyd v. Floyd*, 813 S.W.2d 758, 760 (Tex.App.—El Paso 1991, writ den'd); *Hancock v. Krause*, 757 S.W.2d 117, 119 (Tex.App.—Houston [1st Dist.] 1988, no writ); see also *Henderson v. Parker*, 728 S.W.2d 768, 770 (Tex.1987).

■ In the first group of issues, appellants argue that the trial court erred in finding that the will had been revoked. We agree. The trial court found that Melvin had effectively revoked his will by signing the agreement incident to his divorce. The agreement provided that Melvin and Jo Ann each waived the right to inherit any part of the estate of the other and that the agreement "shall be binding on ... the respective legatees, devisees, heirs, executors, administrators, assigns, and successors in interest of the parties." However,

the agreement does not comply with the provisions of TEX. PROB. CODE ANN. § 63 (Vernon 1980). Section 63 provides:

No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence.

This statute is the exclusive method for revoking a will; and a testator's intent to destroy or revoke a will, standing alone, "cannot abrogate the clear wording of the statute." *Morris v. Morris*, 642 S.W.2d 448, 449–50 (Tex.1982). Although the agreement incident to divorce was incorporated into the divorce decree, it was not a "declaration in writing, executed with like formalities," as required by Section 63 and was not sufficient to revoke the will. See *Merritt v. Merritt*, 158 S.W.2d 116 (Tex. Civ.App.—Fort Worth 1941, writ ref'd w.o.m.). Appellants' first group of issues is sustained insofar as they contend that the trial court erred in finding that the will had been revoked by the agreement incident to divorce.

In the second group of issues, appellants contend that the trial court erroneously applied Section 69(a) of the Probate Code when it construed the will. Section 69(a) reads as follows:

If, after making a will, the testator is divorced or the testator's marriage is annulled, all provisions in the will in favor of the testator's former spouse, or appointing such spouse to any fiduciary capacity under the will or with respect to the estate or person of the testator's children, must be read as if the former spouse failed to survive the testator, and shall be null and void and of no effect unless the will expressly provides otherwise.

The joint will provided that the survivor of Melvin and Jo Ann would receive all of the property in which either or both had any interest at the time of death of the one dying first. The will further provided as follows:

[A]ll property, both real and personal *owned by the one of us dying last* shall at his or her death pass to our children, share and share alike, and if any of them be deceased at said time then said interest shall pass to their heirs. (Emphasis added)

The survivor of Melvin and Jo Ann was appointed to serve as an independent executor or executrix. The will did not provide for an alternate executor or executrix, nor did it contain a residuary clause.

The trial court properly found that Section 69 barred Jo Ann, as the former spouse who survived Melvin, from serving as independent executrix and from taking under the will. The trial court also found that, after applying Section 69, the testator's intent could not be determined from the face of the will. Because Melvin was not "the one of us dying last" due to Jo Ann's survival, the contingent bequest to the "children," namely appellants and appellee, failed; and no property rights vested by reason of the gift over to appellants and appellee. *McFarlen v. McFarlen*, 536 S.W.2d 590 (Tex.Civ.App.—Eastland 1976, no writ). Therefore, the trial court did not err in its application of Section 69. Appellants' second group of issues are overruled.

Next, appellants argue that the trial court erred in finding that the will is void. We agree. Section 69(a) provides that only the "provisions in the will" in favor of the former spouse are null and void. The entire will is not void. *McFarlen v. McFarlen, supra.* Furthermore, the absence of a residuary clause does not cause a will to be void. *McFarlen v. McFarlen, supra.* Consequently, appellants' third group of issues is sustained insofar as the trial court declared the will to be void in its entirety.

In their fourth group of issues, appellants contend that the trial court erred in denying the applications for probate of the will. The record shows that the trial court

**172**

denied the applications for probate. Following *McFarlen,* we hold that the trial court erred in denying the applications for probate because the will had not been revoked and is not void. However, we note that Melvin's estate will nevertheless descend to appellee as his lawful heir. See McFarlen v. McFarlen, supra. The fourth group of issues is sustained insofar as they urge that the trial court erred in denying probate of the will.

◼ In the next group of issues, appellants assert that the trial court erred in finding that a declaratory judgment was the proper avenue for the construction of the will. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997) provides in part that a person interested under a will or a person whose rights, status, or other legal relations are affected by a statute may seek a declaratory judgment for the determination of any question of validity or construction of the will or statute. TEX. CIV. PRAC. & REM. CODE ANN. § 37.005 (Vernon 1997) provides in part that a person interested as a devisee, legatee, heir, or next of kin in a decedent's estate may obtain a declaratory judgment "to ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others" or to determine any question regarding the "construction of wills." Appellee sought and the trial court entered a declaratory judgment construing the will and determining the effect of Section 69 upon the will. Thus, a declaratory judgment was appropriate under Sections 37.004(a) and 37.005. The fifth group of issues is overruled.

Finally, appellants argue in their sixth group of issues that the trial court erred in finding that it would be a gross miscarriage of justice to effectuate the plan in the will. Based on our disposition of the other groups of issues, we need not address this matter. TEX.R.APP.P. 47.1.

1. The will is a valid will. TEX. PROB. CODE ANN. § 59 (Vernon Supp.1999). Its efficacy, however, is nullified due to the application of Section 69, the failure of the condition of

The judgment of the trial court is reversed insofar as it declares that the will of Melvin Lynn Wilson is void, that the will has been revoked, and that the will shall be denied probate; and we render judgment that the will of Melvin Lynn Wilson shall be admitted to probate.[1] The judgment of the trial court is otherwise affirmed.

Melvin being the last to survive, and the absence of a residual clause. Thus, Melvin's estate will descend to his lawful heirs.