**Affirmed and Memorandum Opinion filed May 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00330-CV

## COHEN ACQUISTION CORP., Appellant

## V.

## EEPB, P.C., F/K/A EASLEY, ENDRES, PARKHILL & BRACKENDORFF, P.C., Appellee

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-08893**

## M E M O R A N D U M   O P I N I O N

Appellant Cohen Acquisition Corp. appeals the summary judgment granted in favor of appellee EEPB, P.C. Because the Secretary of State's reinstatement of Cohen's corporate charter, which was forfeited pursuant to the Tax Code for delinquent franchise taxes, did not revive Cohen's extinguished claims, we affirm.

## Facts and Procedural Background

The relevant facts are not in dispute. From 2004 to 2009, EEPB provided accounting and auditing services to Cohen. On February 8, 2008, the Secretary of State forfeited Cohen's charter under Tax Code section 171.309 for failing to pay franchise taxes. There is some evidence that Cohen's charter was reinstated on March 29, 2011.[1] Cohen filed its petition against EEPB on February 14, 2013, alleging causes of action for negligent misrepresentation, breach of contract, and accounting malpractice. EEPB filed a motion for summary judgment, asserting that Cohen's claims were extinguished under Texas Business Organizations Code section 11.359. The trial court granted the summary judgment. Cohen filed a motion for new trial, which was denied. This timely appeal followed.

## Standards of Review

The movant for summary judgment has the burden to show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Emmett Props., Inc. v. Halliburton Energy Servs., Inc.*, 167 S.W.3d 365, 368 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A defendant moving for traditional summary judgment assumes the burden of showing as a matter of law the plaintiff has no cause of action against him. *Emmett Props.*, 167 S.W.3d at 368. We review the summary judgment evidence using familiar standards of review. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 916–17 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When, as here, the material facts are not in dispute, the propriety of summary judgment is a question of law.

---

[1] The record contains an "Application for Reinstatement and Request to Set Aside Revocation or Forfeiture" dated March 29, 2011 and signed by the Chief Financial Officer of Cohen. This document itself does not indicate that the application was granted, but the record also contains a certification from the Secretary of State's office stating that the document dated March 29, 2011 is a "Reinstatement."

*Westcott Commc'ns, Inc. v. Strayhorn*, 104 S.W.3d 141, 145 (Tex. App.—Austin 2003, pet. denied).

This case also presents an issue of statutory construction. The construction of a statute is a question of law that we review de novo. *Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). In construing statutes, we must give effect to the Legislature's intent. *Id.* However, we must, when possible, discern that intent from the meaning of the words chosen. *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007). When statutes are clear and unambiguous, as they are here, we must apply the statutes' words according to their common meaning without resort to rules of construction or extrinsic aids. *Id.*; *see also Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012) (describing the preference for applying a statute's words as "cardinal law").

## Discussion

In addressing the issue presented, we consider the following: whether the Business Organizations Code (BOC) applies to this dispute; whether Cohen was a terminated filing entity; whether Cohen's claims against EEPB were extinguished on February 8, 2011; and whether the March 29, 2011 reinstatement of Cohen's charter revived its extinguished claims. Ultimately, we conclude that Cohen's extinguished claims were not revived when its charter was reinstated on March 29, 2011.

The BOC applies to this dispute. On January 1, 2010, the Texas Business Corporations Act (TBCA) expired and was replaced by the BOC. *In re Aguilar*, 344 S.W.3d 41, 45 n.3 (Tex. App.—El Paso 2011, no pet.). As of January 1, 2010, the BOC applies to (1) domestic entities that did not elect to adopt the BOC at an earlier date and (2) all actions taken by the entities' owners, members, and managers. *See* Tex. Bus. Orgs. Code Ann. § 402.005(a)(1) (West 2012); *see also*

*id.* § 401.001(1)(C) (defining "mandatory application date" as January 1, 2010), § 402.014 (stating that the BOC does not apply to actions commenced before the mandatory application date) (West 2012). Additionally, after reviewing the BOC and the now-repealed TBCA, we conclude that the sections pertinent to this case are substantially similar in all material respects. *Compare* Tex. Bus. Orgs. Code Ann. §§ 11.001, 11.351–11.359 (West 2012), *with* Act of May 25, 1991, 72d Leg., R.S., ch. 901 § 39, 1991 Tex. Gen. Laws 3188–90 (Tex. Bus. Corp. Act art. 7.12), *and* Act of May 7, 1993, 73d Leg., R.S., ch. 215, § 2.19, 1993 Tex. Gen. Laws 458 (adding article 7.12(F)(1)(e), which states that a dissolved corporation includes corporation whose charter was forfeited pursuant to the Tax Code). Accordingly, we refer only to the BOC in our analysis. *See Laird Hill Salt Water Disposal, Ltd. v. E. Tex. Salt Water Disposal, Inc.*, 351 S.W.3d 81, 88 n.3 (Tex. App.—Tyler 2011, pet. denied).

Cohen became a "terminated filing entity" on February 8, 2008. The definition of "terminated filing entity" includes a corporation whose charter has been forfeited under the Tax Code, unless the forfeiture has been set aside. Tex. Bus. Orgs. Code Ann. § 1.002(22) (West Supp. 2014), § 11.001(4)(B), (5); *see also* Tex. Tax Code Ann. §§ 171.302, 171.309 (West 2015). The summary-judgment evidence shows that on February 8, 2008, the Secretary of State forfeited Cohen's charter under section 171.309 of the Tax Code. Therefore, Cohen became a terminated filing entity on February 8, 2008.

A terminated filing entity continues in existence until the third anniversary of the effective date of the entity's termination for the limited purposes of "prosecuting or defending in the terminated entity's name an action or proceeding brought by or against the terminated entity" and "permitting the survival of an existing claim by or against the terminated filing entity." Tex. Bus. Orgs. Code

Ann. § 11.356(a)(1), (a)(2) (West 2012). "[A]n existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the [existing] claim not later than the third anniversary of the date of termination." *Id.* § 11.359(a) (West 2012). As a terminated filing entity, Cohen was required to bring suit on its claims within three years of its termination date, which was February 8, 2008. Cohen had until February 8, 2011 to file suit on its claims against EEPB. Cohen did not file suit until February 15, 2013. Therefore, Cohen's claims against EEPB were extinguished on February 8, 2011. *See Emmett Props.*, 167 S.W.3d at 369–70.

Setting aside the forfeiture of Cohen's charter on March 29, 2011 did not revive Cohen's extinguished claims. In *Emmett Properties*, the plaintiff corporation filed suit against the defendant more than three years after the Secretary of State had forfeited the plaintiff's charter for delinquent property taxes. *Id.* This court held that the plaintiff's claims were not revived when the Secretary of State reinstated the plaintiff's charter. *Id.* at 370. The court reasoned that the plain language of the Tax Code did not provide for revival of the extinguished claims. *Id.*

"Absent a decision from [1] a higher court or [2] this court sitting en banc that is on point and contrary to the prior panel decision or [3] an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court." *Chase Home Fin., L.L.C. v. Cal. W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Neither a higher court nor an en banc panel of this court has reached a conclusion contrary to the one reached in *Emmett Properties*. And although the *Emmett Properties* court was applying the TBCA, we have concluded that the BOC did not effect a material change in the statutes relevant to this case. Therefore, we apply

5

the holding in *Emmett Properties*.

Like the plaintiff in *Emmett Properties*, Cohen filed suit against EEPB more than three years after the Secretary of State forfeited Cohen's charter for delinquent franchise taxes. As discussed above, Cohen's claims were extinguished on February 8, 2011. Because setting aside the forfeiture of a corporate charter pursuant to the Tax Code does not revive a corporation's extinguished claims, the March 29, 2011 reinstatement of Cohen's charter did not revive its extinguished claims against EEPB. *See Emmett Props.*, 167 S.W.3d at 370.

Cohen raises additional arguments with regard to the issue in question. However, we need not consider these arguments because we are bound by our prior decision in *Emmett Properties*. Accordingly, we overrule Cohen's sole issue on appeal.

## Conclusion

Cohen became a terminated filing entity when its charter was forfeited on February 8, 2008 for delinquent franchise taxes. Cohen's claims against EEPB were extinguished on February 8, 2011 because it did not file suit until February 14, 2013. The March 29, 2011 reinstatement of Cohen's charter did not revive Cohen's extinguished claims. We affirm the trial court's judgment.


/s/     Marc W. Brown
        Justice



Panel consists of Justices Jamison, Busby, and Brown.