**Reverse and Remand and Opinion Filed September 28, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00987-CV**

**IN THE INTEREST OF B.L.Z.P., J.D. JR., AND J.D., CHILDREN**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-09241**

## MEMORANDUM OPINION
Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Appellants, the adoptive parents of minor brothers N.D.V. and E.D.V., challenge the trial court's order granting minor half-brother B.L.Z.P.'s request for sibling access.[1] We (1) disagree with appellants' contention that B.L.Z.P. lacked standing regarding this lawsuit and (2) agree with appellants' contention that the trial court erred by denying their motion to transfer venue. Without addressing appellants' remaining issues, we reverse the trial court's order granting sibling access and remand this case to the trial court for transfer to Lubbock County for a new trial.

---

[1] The names of the children in this case were changed following their adoptions. The parties' appellate briefs refer to the children by their current initials and we do the same in this opinion. Additionally, when referring to the appellants separately, we use the initials N.C. and R.D.V.

## Background

B.L.Z.P., N.D.V., and E.D.V. have the same biological mother and were born in 2011, 2013, and 2014, respectively. B.L.Z.P. has a different biological father than N.D.V. and E.D.V. In about 2015, the Texas Department of Family and Protective Services terminated the biological parents' parental rights to all three children and placed the children in foster care. In 2018, appellees adopted B.L.Z.P. and appellants adopted N.D.V. and E.D.V.

In June 2020, appellees filed a "Petition for Sibling Access" on behalf of B.L.Z.P. in the trial court. The petition stated B.L.Z.P. resides in Dallas County and his two half-brothers reside in Lubbock County. The petition asserted (1) B.L.Z.P. "was originally separated from [N.D.V. and E.D.V.] because of an action by the Department of Family and Protective Services, and since because of an action by the adoptive parents of [N.D.V. and E.D.V.]," and (2) "[i]t is in the best interests of the children the subject of this suit that [B.L.Z.P.] be granted access to [N.D.V. and E.D.V.]."

Appellants filed a July 23, 2020 general denial answer and motion to transfer venue to Lubbock County. The motion to transfer described the lawsuit as "a Suit for Sibling Access" and stated, among other things:

> One or more children affected by the proceedings reside in Texas but in different counties. Respondents request a transfer to Lubbock County because Lubbock County is most appropriate to serve the convenience of the parties, the witnesses, and the interest of justice. Respondents and their two children, [N.D.V. and E.D.V.], have lived in Lubbock County

–2–

for a period of six months or more immediately preceding the filing of this case.

Appellees filed a response in which they asserted the Texas Family Code provides (1) "[t]he sibling of a child who is separated from the sibling as the result of an action by the Department of Family and Protective Services may file an original suit as provided by Section 153.551 requesting access to the child, regardless of the age of the sibling," and (2) venue for an original suit shall be "the county where the child resides." Appellees also contended B.L.Z.P. "was separated from [N.D.V. and E.D.V.] due to adoptions stemming from CPS actions." Additionally, appellees asserted:

> The Texas Family Code is silent on where an original suit for sibling access should be filed when the siblings live in different counties. The closest rule available says that an original suit shall be filed in the county where the child resides. Tex. Fam. Code § 103.001. Petitioners filed suit in the county where they and their son reside, which is Dallas County. No rule mandates transfer in this situation, which means that venue is not mandatory in Lubbock County. The result is that venue should remain in Dallas County under the general venue rules of the Civil Practice and Remedies Code and the Texas Family Code.

After a hearing,[2] the trial court signed a September 2, 2020 order denying appellants' motion to transfer venue. On October 16, 2020, appellants filed a plea to the jurisdiction based on lack of standing and a motion to dismiss based on res judicata, both of which the trial court denied. Also, both sides filed amended pleadings after the denial of the transfer motion.

---

[2] The appellate record contains no reporter's record of the hearing on appellants' motion to transfer.

Following a July 9, 2021 bench trial, the trial court signed an order that (1) granted B.L.Z.P. sibling access, (2) described procedures for access, (3) provided that either side could initiate counseling that both sides would be required to pay for and cooperate with, and (4) awarded attorney's fees to appellees. Additionally, the trial court issued findings of fact and conclusions of law that stated, among other things,

> In 2015 or 2016, the . . . children were removed by DFPS (CPS) due to neglect or abuse by the mother of the children. A case was filed in Ector County, Texas, by DFPS. The children were originally placed together with a relative, but eventually were removed and split up between the Petitioners and Respondents in 2016. Petitioners and Respondents were both foster parents looking to adopt. Later in 2016, [N.D.V. and E.D.V.] were removed from the Respondents and placed together with [B.L.Z.P.] living with the Petitioners. . . . Then [N.D.V. and E.D.V.] were placed separately back with the Respondents in 2017. . . . On July 3, 2018, [N.D.V. and E.D.V.] were adopted by Respondents. On November 29, 2018, [B.L.Z.P.] [was] adopted by Petitioners.

The trial court's conclusions of law also stated (1) "[B.L.Z.P.], who is the minor sibling child seeking access to his minor child siblings, has standing to bring this suit for sibling access under Texas Family Code Section 102.0045," and (2) venue is "proper in Dallas, Texas, and no transfer requirement was proven by Respondents."

**Standard of review and applicable law**

Lawsuits for sibling access are governed by the Texas Family Code's Title 5. Title 5's section 102.0045, titled "Standing for Sibling," states:

(a) The sibling of a child may file an original suit requesting access to the child as provided by Section 153.551 if the sibling is at least 18 years of age.

(a-1) The sibling of a child who is separated from the sibling as the result of an action by the Department of Family and Protective Services may file an original suit as provided by Section 153.551 requesting access to the child, regardless of the age of the sibling. A court shall expedite a suit filed under this subsection.

(b) Access to a child by a sibling of the child is governed by the standards established by Section 153.551.

Family code section 153.551, titled "Suit for Access," provides:

(a) The sibling of a child who is separated from the child because of an action taken by the Department of Family and Protective Services may request access to the child by filing:
　　　　(1) an original suit; or
　　　　(2) a suit for modification as provided by Chapter 156.
. . . .
(c) The court shall order reasonable access to the child by the child's sibling described by Subsection (a) if the court finds that access is in the best interest of the child.

Title 5's section 103.001, titled "Venue for Original Suit," states in relevant part that "[e]xcept as otherwise provided by this title, an original suit shall be filed in the county where the child resides, unless . . . another court has continuing exclusive jurisdiction under Chapter 155."[3] *Id*. § 103.001. Section 103.002 provides (1) "[i]f venue of a suit is improper in the court in which an original suit is filed and no other court has continuing, exclusive jurisdiction of the suit, on the timely motion of a party other than the petitioner, the court shall transfer the proceeding to the

---

[3] The parties do not assert, and the record does not show, that any court had continuing exclusive jurisdiction over the children during the above-described proceedings in this case. *See* TEX. FAM. CODE § 155.001(b)(3).

county where venue is proper," and (2) "[t]he procedures in Chapter 155 apply to a transfer of . . . an original suit under this section." *Id.* § 103.002. Chapter 155's "procedures" provide that a motion to transfer by a party other than a petitioner is timely "if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner." *Id*. § 155.204(b).

Statutory construction is a question of law that we review de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Our primary objective when construing a statute "is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022) (quoting *In re Nash*, 220 S.W.3d 914, 917 (Tex. 2007)). "If a statute is clear and unambiguous, we apply its words according to their common meaning without resort to rules of construction or extrinsic aids." *Id*. (quoting *In re Nash*, 220 S.W.3d at 917). "We use definitions the legislature prescribed and any technical or particular meaning the words have acquired." *Id*. (quoting *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). "Otherwise, '[w]ords not statutorily defined bear their common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result.'" *Id*. (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)). We also "consider the context and

framework of the entire statute" and "construe it as a whole." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 (Tex. 2019).

**Analysis**

In their first issue, appellants assert, "While Section 153.551 is not an often used statute, its plain language reveals the trial court's error in (i) identifying the 'child' for whom best interest was to be determined, (ii) allowing the trial to continue in Dallas County when the children the subject of the suit reside in Lubbock County, (iii) allowing [B.L.Z.P.] to assert standing despite not having been separated from N.D.V. and E.D.V. by the Department, and (iv) flipping the burden of proof to Appellants."

### *Standing*

Because standing is a component of subject matter jurisdiction, we begin with appellants' contention that B.L.Z.P. lacks standing regarding this lawsuit. *See In re Fisher*, 433 S.W.3d 523, 527 (Tex. 2014) (addressing standing challenge before reaching complaint of improper venue). When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis. *See, e.g.*, *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 851 (Tex. App.—Fort Worth 2005, no pet.). The party seeking relief must allege and establish standing within the parameters of the language used in the statute. *Id*. To the extent the issue of standing turns on the construction of relevant statutes, we apply a de novo standard of review.

*E.g.*, *Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.).

Appellants contend B.L.Z.P. "does not qualify as a sibling with standing under section 102.0045 and does not qualify as a sibling for whom access may be granted under section 153.551" because "N.D.V. and E.D.V. were separated from [B.L.Z.P.] as a result of an action by the intervening Appellants, not an action by the Department." According to appellants,

> In September 2016, N.D.V. and E.D.V. were removed by the Department from their placement with Appellants and were placed with Appellees, being united in that home with [B.L.Z.P.]. They remained together in the home with Appellees through March 2017. This is the last placement of the boys that was the result of Department action, and the Department placement did not separate the boys.

As described above, section 102.0045(a-1) states "[t]he sibling of a child who is separated from the sibling as the result of an action by the Department of Family and Protective Services" may file an original suit requesting access to the child. TEX. FAM. CODE § 102.0045(a-1). The parties cite no case law construing that provision and we have found none. The record shows that in about 2015, the Department commenced an action in Ector County, the consequences of which included termination of the parental rights of the children's biological parents and the subsequent adoptions of the children by two different families. Thus, Department action resulted in the children's separation. *See Result*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("To be a physical, logical, or legal consequence; to proceed as an

outcome or conclusion <much good will result from this>"). Nothing in section 102.0045(a-1)'s text suggests standing is limited to a sibling separated by a child's most recent "Department placement" and we decline to add that requirement. *See Maxim Crane Works*, 642 S.W.3d at 557. We conclude the trial court did not err by determining B.L.Z.P. has standing to bring this suit for sibling access under section 102.0045.

*Venue*

When a plaintiff files in a "proper" venue, "that choice of venue should be honored absent a mandatory-venue statute that requires transfer." *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). We review a trial court's denial of a motion to transfer venue de novo. *Sazy v. J.R. Birdwell Constr. & Restoration, LLC*, No. 05-19-01351-CV, 2021 WL 1220122, at *2 (Tex. App.—Dallas Apr. 1, 2021, pet. denied) (mem. op.). We conduct an independent review of the entire record, including the trial on the merits if applicable, to determine whether any probative evidence supports the trial court's venue decision. *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 357 (Tex. App.—Dallas 2009, pet. denied). If there is any probative evidence in the entire record that venue was proper, we must uphold the trial court's ruling. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 471 (Tex. 1995). If there is no probative evidence to show venue was proper in the county of suit, we must then determine whether there is any probative evidence in the record to show venue was proper in the county to which

transfer was sought. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757–58 (Tex. 1993). If there is any probative evidence to show venue was proper in that county, we remand with instructions to the trial court to transfer to that county. *Id*. A trial court's erroneous denial of a motion to transfer venue "shall in no event be harmless error and shall be reversible error." TEX. CIV. PRAC. & REM. CODE § 15.064(b).

As described above, appellants assert the trial court erred by "allowing the trial to continue in Dallas County when the children the subject of the suit reside in Lubbock County." According to appellants, (1) "sections 102.0045 and 153.551 make it clear that, even if the sibling is a minor, the sibling is referred to as the 'sibling' in these provisions, and the 'child' refers to the child or children the sibling is seeking access to"; (2) "[b]y identifying all of the minors as 'the child' instead of [B.L.Z.P.] as the 'sibling' and N.D.V. and E.D.V., respectively, as 'the child,' the trial court committed a venue error"; and (3) "venue in Lubbock County was both proper and mandatory" pursuant to section 103.001.

Appellees respond that appellants' venue challenge "must fail" because appellants "did not timely file a motion to transfer venue," "did not make or preserve the statutory construction argument," and did not "re-urge their motion to transfer venue" when amended pleadings were filed following the motion's denial. Additionally, appellees contend venue was proper in Dallas County because appellants' plea to the jurisdiction referred to "[t]he three children the subject of this

suit" and thus appellants "admitted" that "[B.L.Z.P.] was a 'child' of the suit." We disagree.

Appellants filed the motion to transfer venue on July 23, 2020. Though appellees contend "[a]ppellants were served with citation on or about June 27, 2020," and the motion to transfer was thus untimely under section 155.204(b), the portion of the record appellees cite shows service only on appellant N.C. The record does not show service on appellant R.D.V. or that the motion to transfer was untimely as to R.D.V. *See* TEX. FAM. CODE § 155.204(b).

As to error preservation, the record generally must show that the complaint presented on appeal was made to the trial court by a timely motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."[4] TEX. R. APP. P. 33.1(a). Appellants' motion to transfer venue described the lawsuit as "a Suit for Sibling Access," requested transfer to Lubbock County, and stated that N.D.V. and E.D.V. had lived in Lubbock County for six months or more immediately preceding the filing of the case. Thus, the motion described the legal and factual grounds on which appellants' appellate complaint is based. On this record, we conclude Rule 33.1(a)'s preservation requirements were met. *See id*.; *see also In re A.B.P*., No. 05-19-01392-

---

[4] Though Chapter 155 also contains requirements regarding the contents of certain motions to transfer, appellees do not assert, and the record does not show, that appellants' motion failed to comply with Chapter 155's content requirements.

–11–

CV, 2021 WL 858743, at *4–5 (Tex. App.—Dallas Mar. 8, 2021, no pet.) (mem. op.) (concluding Rule 33.1 was satisfied where record showed trial court had opportunity to rule on challenged matter).

To the extent appellees contend appellants were required to "re-urge their motion to transfer venue" after the trial court's September 2, 2020 denial in order to challenge venue on appeal, appellees cite no authority for that position and we have found none. *Cf.* TEX. R. CIV. P. 87(5) (stating that after trial court rules on timely motion to transfer venue, "no further motions to transfer shall be considered"). Additionally, we cannot agree with appellees' contention that appellants' reference to "[t]he three children the subject of this suit" in their October 16, 2020 plea to the jurisdiction constituted an "admission" regarding venue. *See City of Dallas v. Hillis*, 308 S.W.3d 526, 531 (Tex. App.—Dallas 2010, pet. denied) (explaining that judicial admission must be clear, deliberate, and unequivocal statement). We conclude appellants preserved their above-described venue complaint for this Court's review.

Sections 102.0045 and 153.551 specifically designate the participants in a suit for sibling access as "the sibling" and "the child." TEX. FAM. CODE §§ 102.0045, 153.551. Though those sections clearly contemplate that "the sibling" might be a minor, nothing in those provisions indicates that the terms "the sibling" and "the child" can be used interchangeably. Section 103.001(a) requires venue in "the county where the child resides." *Id*. § 103.001(a). Based on the plain meaning of the words used in those provisions, "the child" for purposes of section 103.001's venue

–12–

provision is "the child" that "the sibling" is seeking access to, regardless of the age of the sibling seeking access. *See Maxim Crane Works*, 642 S.W.3d at 557; *Worsdale*, 578 S.W.3d at 69. Thus, in this case, venue in Lubbock County was mandatory and venue in Dallas County was improper. We conclude the trial court erred by denying appellants' motion to transfer venue, which requires reversal without a harm analysis. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(b). In light of that conclusion, we do not address appellants' remaining issues.[5] *See Kerri D. Condie, P.C. v. McLaughlin*, No. 05-18-00085-CV, 2019 WL 2353443, at \*5 (Tex. App.—Dallas June 4, 2019, no pet.) (mem. op.).

We reverse the trial court's order granting sibling access and remand this case to the trial court for transfer to Lubbock County for a new trial.

210987f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[5] Appellants' remaining issues are as follows:

Issue 2. The "fit parent presumption" applies to Texas Family Code section 153.551 and precludes the relief granted by the trial court.

Issue 3. In the alternative, even without the application of the fit parent presumption, the trial court abused its discretion in best interest determinations for N.D.V. and E.D.V.

Issue 4. The relief granted reaches far beyond access to award power over mental health decisions and costly imposition of travel requirements.

Issue 5. The trial court erred in applying a 6% interest rate to the award of attorney's fees, expenses and costs to Appellees.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.L.Z.P.,
J.D. JR., AND J.D., CHILDREN

No. 05-21-00987-CV

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-09241.
Opinion delivered by Justice Carlyle.
Justices Molberg and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's judgment and **REMAND** this case to the trial court for transfer to Lubbock County for a new trial.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 28th day of September, 2022.