**Vacate and Dismiss and Opinion Filed October 3, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00378-CV**

**IN THE INTEREST OF I.A.F., A CHILD**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-12222**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Appellant Father appeals from a two-year protective order rendered against him on appellee Mother's application.[1] Father contends the trial court lacked jurisdiction as to the protective order and it was based on an unconstitutional statute. We vacate the trial court's protective order and dismiss this case to the extent described below.

**Background**

Father and Mother were married in 1999 and have a child, I.A.F., who was born in 2004. In 2016, Mother filed for divorce. The case was assigned to the trial

---

[1] Mother has not filed a brief in this Court.

court and given case number DF-16-12222. In June 2017, the trial court signed an agreed final decree of divorce in case number DF-16-12222, appointing Father and Mother joint managing conservators of I.A.F. and addressing all matters relating to the child and the parties' property. Neither Father nor Mother filed post-judgment motions or appealed the June 2017 divorce decree.

In October 2020, Mother filed an application for a protective order against Father in case number DF-16-12222 in the trial court. The application complained of stalking and harassment of Mother but did not mention I.A.F. or request protection regarding the child.

Father filed a plea to the jurisdiction contending, among other things, (1) the trial court has no power to enter a protective order in case number DF-16-12222 because the protective order matter is outside the scope of the trial court's continuing jurisdiction and the trial court's plenary power has otherwise expired as to that case, and (2) the "stalking statute" relied on by Mother, Texas Penal Code section 42.072, is unconstitutional.

Following a hearing, the trial court rendered a February 25, 2021 two-year protective order that, among other things, prohibits Father from being within 500 feet of Mother and from harassing her electronically. The protective order states it is in the best interest of Mother "and the child the subject of this suit" but does not otherwise mention I.A.F. or provide for any protection regarding the child.

Father filed a March 2021 motion for new trial reasserting his arguments described above. Mother filed a response asserting, among other things, that "the Protective Order was granted under Texas Family Code Title 4, which gives Texas Family Courts authority to hear Protective Order Applications." At the hearing on Father's motion for new trial, the trial court stated that Title 4's section 85.063 requires "that all applications for Protective Orders involving parties for a prior divorce action must be filed in the court that rendered the final divorce decree" and "doesn't state that you can't file it in the same cause number." The trial court denied Father's motion for new trial.

**Standard of review and applicable law**

Whether a trial court retains jurisdiction is a question of law we review de novo. *E.g.*, *Mullins v. Mullins*, 202 S.W.3d 869, 873 (Tex. App.—Dallas 2006, pet. denied). Generally, "[t]he trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d).

Notwithstanding Rule 329b, the Texas Family Code provides for continuing jurisdiction in certain circumstances. The court that rendered a decree of divorce or annulment retains the power to enforce a property division, subject to certain limitations. TEX. FAM. CODE § 9.002. Additionally, the family code's Title 5, which governs "The Parent–Child Relationship and the Suit Affecting the Parent–Child

Relationship," states in section 155.001(a) that "[e]xcept as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order." *Id*. § 155.001(a); *see also id*. § 101.025 ("parent–child relationship" means "the legal relationship between a child and the child's parents" and "includes the mother and child relationship and the father and child relationship"). Section 155.002 provides that "a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by this title." *Id*. § 155.002. Section 155.003, titled "Exercise of Continuing, Exclusive Jurisdiction," states that "a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child." *Id*. § 155.003.

The family code's Title 4 is titled "Protective Orders and Family Violence." *Id*. §§ 71.001–93.004. Title 4's section 85.063(a) states:

> (a) If a final order has been rendered in a suit for dissolution of marriage or suit affecting the parent–child relationship, an application for a protective order by a party to the suit against another party to the suit filed after the date the final order was rendered, and that is:
>
> > (1) filed in the county in which the final order was rendered, shall be filed in the court that rendered the final order; and
> >
> > (2) filed in another county, shall be filed in a court having jurisdiction to render a protective order under this subtitle.

*Id*. § 85.063(a).

Under section 85.064, "[i]f a protective order that affects a party's right to possession of or access to a child is rendered after the date a final order was rendered in a suit affecting the parent–child relationship, . . . the court may transfer the protective order to the court of continuing, exclusive jurisdiction" if the court "finds that the transfer is: (1) in the interest of justice; or (2) for the safety or convenience of a party or a witness." *Id*. § 85.064(b)–(c). Additionally, section 82.007 requires that an application requesting a protective order for a child who is subject to the continuing exclusive jurisdiction of a court under Title 5 must include "a copy of each court order affecting the conservatorship, support, and possession of or access to the child." *Id*. § 82.007.

Statutory construction is a question of law that we review de novo. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). Our primary objective when construing a statute "is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022) (quoting *In re Nash*, 220 S.W.3d 914, 917 (Tex. 2007)). "If a statute is clear and unambiguous, we apply its words according to their common meaning without resort to rules of construction or extrinsic aids." *Id*. (quoting *In re Nash*, 220 S.W.3d at 917). "We use definitions the legislature prescribed and any technical or particular meaning the words have acquired." *Id*. (quoting *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008)). "Otherwise, '[w]ords not statutorily defined bear their common, ordinary

meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result.'" *Id*. (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)). We also "consider the context and framework of the entire statute" and "construe it as a whole." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 (Tex. 2019).

**Analysis**

In his first issue on appeal, Father asserts the trial court "erred in finding that it had jurisdiction to issue a protective order in a cause number that had been closed for more than three years." Father contends that though the trial court "could have, of course, heard the same case under a different cause number," none of the family code provisions that establish continuing jurisdiction apply here "and thus the [trial court] could not issue a protective order under a cause number that the [trial court] no longer had plenary power over."

Nothing in Mother's protective order application implicated enforcement of a property division. *See* TEX. FAM. CODE § 9.002. And though section 155.001(a) provides the trial court with "continuing exclusive jurisdiction" over "the matters provided for by this title in connection with a child on the rendition of a final order," nothing in the record shows Mother's protective order application involved a Title 5 matter in connection with I.A.F. *See id.* §§ 155.001–.003; *In re Saldana*, 607 S.W.3d 448, 449–50 (Tex. App.—Houston [14th Dist.] 2020 no pet.) ("Presuming the [trial court] has acquired continuing, exclusive jurisdiction under Family Code section

155.001 as to relator's son, this continuing, exclusive jurisdiction affects jurisdiction in only matters covered by title 5 of the Family Code; it does not affect jurisdiction in protective-order proceedings . . . within title 4 of the Family Code."); *see also Copeland v. Copeland*, No. 05-18-01431-CV, 2020 WL 4047969, at *2–3 (Tex. App.—Dallas Jul. 20, 2020, no pet.) (mem. op.) ("[A] proceeding for protective orders brought under Title 4 is an independent remedy which is not limited to the court having continuing jurisdiction."); TEX. FAM. CODE § 85.064(b)–(c) (allowing for, but not mandating, transfer of a SAPCR protective order rendered in a court other than the court of Title 5 continuing exclusive jurisdiction).

Though Title 4's section 85.063(a) required the protective order application in question to be filed in the trial court, section 85.063's text does not mention jurisdiction. TEX. FAM. CODE § 85.063(a). "Under the unambiguous text of Family Code section 85.063(a), this section addresses the court in which an application for a protective order should be filed; this section does not address which court has jurisdiction to hear or rule upon a protective-order application." *In re Saldana*, 607 S.W.3d at 449–50; *see also Kelly v. Isaac*, No. 05-19-00813-CV, 2020 WL 4746589, at *4 (Tex. App.—Dallas Aug. 17, 2020, pet. denied) (mem. op.) (explaining that venue and jurisdiction concern two different concepts: "where a dispute will be tried" versus "power to try the case"). Because section 85.063(a) does not provide for continuing jurisdiction and the record does not show the protective order was a matter as to which the trial court otherwise had continuing jurisdiction, we conclude

–7–

the trial court lacked jurisdiction to render the protective order in case number DF-16-12222.

In his remaining issue, Father contends the trial court erred in determining that the "stalking statute" relied upon in this case, penal code section 42.072, does not violate the First Amendment to the United States Constitution. While this appeal was pending submission, this Court issued an opinion concluding the complained-of statute does not facially violate the First Amendment. *Taherzadeh v. State*, 648 S.W.3d 681, 686 (Tex. App.—Dallas 2022, no pet.) (citing *Ex parte Barton*, – S.W.3d –, 2022 WL 1021061, at *6–8 (Tex. Crim. App. Apr. 6, 2021)). Thus, Father's second issue has no merit.

We vacate the trial court's February 25, 2021 protective order in case number DF-16-12222 and dismiss this case as to that protective order. We note that nothing in this opinion precludes Mother from seeking further relief in the trial court in the form of a new protective order.

/Cory L. Carlyle/

210378f.p05 CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.A.F., A
CHILD

No. 05-21-00378-CV

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-16-12222.
Opinion delivered by Justice Carlyle.
Justices Molberg and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial
court's February 25, 2021 protective order in case number DF-16-12222 and
**DISMISS** the case as to that protective order.

It is **ORDERED** that each party bear their own costs of this appeal.


Judgment entered this 3rd day of October, 2022.